CURRIN-DILLEHAY BUILDING SUPPLY, INC. v. GEORGE W. FRAZIER AND WIFE, EDNA M. FRAZIER

No. 909DC144

(Filed 21 August 1990)

**Appeal and Error § 203 (NCI4th)— notice of appeal—requirement of filing with clerk of court**

Defendants' appeal is dismissed where they only gave notice of appeal in open court but failed to file notice of appeal with the clerk of superior court and to serve copies thereof on all other parties as required by Appellate Rule 3(a).

**Am Jur 2d, Appeal and Error §§ 317-319.**

APPEAL by defendants from judgment entered 14 September 1989 by *Judge C. W. Wilkinson, Jr.* in GRANVILLE County District Court. Heard in the Court of Appeals 3 August 1990.

Plaintiff instituted this action seeking to recover the balance due for various building materials purchased by defendants. Defendants filed an answer denying the material allegations of the complaint. A jury determined that the parties entered into a contract which was subsequently modified by the parties and that

CURRIN-DILLEHAY BLDG. SUPPLY v. FRAZIER

[100 N.C. App. 188 (1990)]

plaintiff was entitled to recover $11,986.08 from defendants. The trial court reduced this amount by $3,088.17. Such reduction was agreed upon by the parties as a set-off and judgment was entered in favor of plaintiff for $8,897.91. Defendants gave notice of appeal in open court.

*Royster, Royster & Cross, by H. Norman Thorp, III and James E. Cross, Jr., for plaintiff-appellee.*

*C. C. Malone, P.A., by C. C. Malone, Jr., for defendants-appellants.*

ARNOLD, Judge.

Prior to 1 July 1989, notice of appeal in civil actions could be given either in writing or orally in open court. Appellate Rule 3(a), however, was amended on 8 December 1988 to provide that an appeal in a civil action is taken, effective for all judgments entered on or after 1 July 1989, by filing notice of appeal with the clerk of superior court and serving copies thereof upon all other parties. This, defendants have not done. Appellate Rule 3 is jurisdictional and if the requirements of this rule are not complied with, the appeal must be dismissed. *Giannitrapani v. Duke University*, 30 N.C. App. 667, 228 S.E.2d 46 (1976). Accordingly, this appeal is

Dismissed.

Judges WELLS and EAGLES concur.