KATHLEEN VICTORIA JOHNSON, Plaintiff v. FRIENDS OF WEYMOUTH, INC., Defendant

No. 9420SC383

(Filed 19 September 1995)

### 1. Pleadings § 401 (NCI4th)— issue not raised in pleadings—trial by consent

Where a substantial portion of plaintiff's pleadings was devoted to the issue of whether she was fired for financial reasons, defendant averred in its answer that plaintiff was fired for financial reasons, both parties introduced a considerable amount of evidence regarding the financial condition of defendant and its relation to the termination of plaintiff's employment, and plaintiff did not object to defendant's introduction of evidence regarding the financial hardship issue, that issue was tried by the implied consent of the parties and should be treated as if it were raised in the pleadings. N.C.G.S. § 1A-1, Rule 15(b).

**Am Jur 2d, Pleading § 25.**

### 2. Labor and Employment § 71 (NCI4th)— wrongful termination—inconsistent verdict—jury instructions improper

The trial court in a wrongful termination case erred in instructing the jury in such a manner that an affirmative answer to both questions submitted to it would require a finding that an employee was wrongfully terminated and that the employer would have terminated the employee in any event, and these answers were inherently inconsistent and not an accurate representation of the standard established by *Brooks v. Stroh Brewery Co.*, 95 N.C. 226, that, once the plaintiff has shown that the employee's activities were protected and were a substantial factor in the employee's decision, the burden then shifts to defendant to show that the same decision would have been made if the employee had not engaged in the protected activity.

**Am Jur 2d, Master and Servant §§ 43 et seq.**

JOHNSON v. FRIENDS OF WEYMOUTH, INC.

[120 N.C. App. 255 (1995)]

Appeal by plaintiff from orders entered on 9 December and 6 January 1994 by Judge James M. Long in Moore County Superior Court. Heard in the Court of Appeals 12 January 1995.

*Marvin Schiller; and Bass, Bryant & Moore, by William E. Moore, Jr., for plaintiff appellant.*

*Cunningham, Dedmond, Petersen & Smith, by Bruce T. Cunningham, Jr., and Ann C. Petersen, for defendant appellee.*

COZORT, Judge.

In this wrongful termination case, the trial court submitted two issues to the jury. First, the jury found that defendant wrongfully terminated plaintiff's employment in retaliation for plaintiff's suggestion that defendant return money to an insurance company. However, in their answer to the second issue, the jury also found that defendant would have terminated plaintiff notwithstanding the insurance incident. As a result, the trial court entered judgment in favor of defendant. The trial court denied plaintiff's motions to set aside the verdict, to amend the judgment, and for a new trial. We find that the two issues submitted to the jury allowed for inconsistent answers and remand the case for a new trial. The facts and procedural history follow.

Defendant, a non-profit corporation which operates the Weymouth Center, employed plaintiff as its administrative secretary from 4 October 1982 until her discharge on 28 May 1992. In October 1991, defendant conducted an art auction fundraiser at which six celluloids ("cels") from Disney cartoons were offered for sale. Defendant purchased an insurance policy to protect against any loss of these donated items. Two of the cels were not sold at the auction and were later discovered to be missing. Defendant submitted a claim to the insurance company for these lost cels and the insurance company paid defendant $950.00 under the policy.

In January 1992, plaintiff discovered the missing cels in a closet and notified defendant's president. Plaintiff testified that she encouraged officers of defendant to return the proceeds to the insurance company. Plaintiff presented evidence that two of defendant's officers sold the two cels outside the state without reporting the sale to the insurance company. Defendant did not return the proceeds received from the insurance company until plaintiff's counsel notified defendant that the money had not been returned.

## JOHNSON v. FRIENDS OF WEYMOUTH, INC.

[120 N.C. App. 255 (1995)]

Defendant informed plaintiff by letter on 28 May 1992 that the position of administrative secretary was abolished and that she would receive one month's severance pay. Plaintiff filed a complaint alleging that her termination constituted wrongful discharge because it was in retaliation for "her refusal to cooperate and participate in Defendants [*sic*] . . . unlawful . . . conversion of the insurance proceeds." The complaint also made reference to a claim by defendant that plaintiff was terminated for financial reasons. In its answer, defendant admitted plaintiff had been fired for financial reasons, but defendant did not plead that reason for firing plaintiff as an affirmative defense.

During the course of the trial, both plaintiff and defendant offered evidence regarding whether plaintiff was fired because of the insurance incident or due to defendant's financial hardship. During the charge conference the trial judge proposed to submit to the jury a question regarding financial hardship, in addition to the issue regarding wrongful termination agreed upon by the parties. The court allowed defendant to amend its pleadings to conform to the evidence which supported the second issue of financial hardship, an affirmative defense not previously pled by defendant. Plaintiff objected to the submission of the second issue. Overruling plaintiff's objection, the court submitted two questions to the jury:

1. Did the Defendant, Friends of Weymouth, Inc., wrongfully terminate the employment of the Plaintiff, Kathleen Victoria Johnson, because she suggested that insurance proceeds be returned to the insurance company?

2. If so, would the Defendant have terminated the Plaintiff's employment even if she had not suggested that insurance proceeds be returned to the insurance company?

The jury answered "yes" to both questions, and the court entered judgment in favor of defendant.

Plaintiff contends that the second question should not have been submitted to the jury. According to plaintiff, submission of this issue amounted to "prejudicial surprise" because defendant did not plead financial hardship as an affirmative defense.

While failure to plead an affirmative defense normally results in waiver, the parties may still try the issue by express or implied consent. *Nationwide Mut. Insur. Co. v. Edwards*, 67 N.C. App. 1, 6, 312 S.E.2d 656, 660 (1984). N.C.R. Civ. P. 15(b) provides: "When issues not

raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." N.C. Gen. Stat. § 1A-1, Rule 15(b) (1990).

[1] A substantial portion of plaintiff's pleadings are devoted to the issue of whether she was fired for financial reasons. Defendant averred in its answer that plaintiff was fired for financial reasons. Both parties introduced a considerable amount of evidence regarding the financial condition of defendant and its relation to the termination of plaintiff's employment. Plaintiff did not object to defendant's introduction of evidence regarding the financial hardship issue. Therefore, the financial hardship issue was tried by the implied consent of the parties and should be treated as if it was raised in the pleadings.

Even if the parties had not tried the financial hardship defense by implied consent, it was still properly before the jury. The trial court allowed defendant to amend its pleadings to include financial hardship as a defense. Rule 15(b) authorizes the trial court to allow a party to amend its pleadings, so long as it does not permit judgment by ambush. *Smith v. Childs*, 112 N.C. App. 672, 677, 437 S.E.2d 500, 504 (1993). This particular defense could not have been a surprise to plaintiff because she referred to it in her pleadings and produced evidence regarding defendant's financial status during the presentation of her case. The proper standard for review of such action is whether the trial court abused its discretion. *Id.* at 678, 437 S.E.2d at 504. We find no abuse of discretion.

[2] Plaintiff next contends that the jury instructions were erroneous. The North Carolina Pattern Jury Instructions provide issues for the jury regarding wrongful termination and the employer's defense to such a claim. The first question asks:

> Did the defendant wrongfully terminate the employment of the plaintiff?

N.C.P.I., Civ. 640.20. If the jury answers "yes" to that question, they are presented with an issue regarding an affirmative defense for the employer which states:

> Would the defendant have terminated the plaintiff even if the plaintiff had not [engaged in conduct protected by law] [refused to engage in unlawful conduct] [refused to engage in conduct which violates public policy]?

N.C.P.I., Civ. 640.22.

The pattern instructions rely on *Brooks v. Stroh Brewery Co.*, 95 N.C. App. 226, 382 S.E.2d 874, *disc. review denied*, 325 N.C. 704, 388 S.E.2d 449 (1989), as a basis for submitting both of these questions. *Brooks* stands for the proposition that once the plaintiff has shown that the employee's activities were protected and were a substantial factor in the employer's decision, the burden shifts to defendant to show that the same decision would have been made if the employee had not engaged in the protected activity. *Id.* at 230, 382 S.E.2d at 878.

Due to the manner in which the pattern jury instructions are worded, an affirmative answer to both requires a finding that an employee was wrongfully terminated *and* that the employer would have terminated the employee in any event. These answers are inherently inconsistent and are not an accurate representation of the standard established by *Brooks*. In the present case, the following issues should have been submitted to the jury:

1. Was plaintiff's suggestion that insurance proceeds be returned to the insurance company a substantial factor in defendant's decision to terminate her employment?

2. If so, would defendant have terminated plaintiff's employment even if she had not suggested that insurance proceeds be returned to the insurance company?

With the issues worded in this fashion, the termination becomes wrongful only when both issues are answered favorably to the employee. This more accurately reflects the standard established by *Brooks*.

Defendant brings forth several assignments of error as a cross-appeal. Defendant contends that the trial court erred in denying defendant's motion for a directed verdict at the close of plaintiff's evidence. The trial court should deny a motion for directed verdict when it finds there is any evidence more than a scintilla to support plaintiff's *prima facie* case in all its constituent elements. *Clark v. Moore*, 65 N.C. App. 609, 610, 309 S.E.2d 579, 580-81 (1983). The evidence in the present case, taken in the light most favorable to plaintiff, established her *prima facie* case and warranted the issue going to the jury. Therefore, the trial court properly denied defendant's motion for a directed verdict. We have reviewed defendant's remaining assignments of error and find them to be unpersuasive.

In sum, we hold the jury instructions submitted to the jury improperly allowed for inconsistent answers, and we remand this case for a new trial.

New trial.

Judges MARTIN, John C., and JOHN concur.