VIRGINIA P. ABELS, PLAINTIFF-APPELLANT v. RENFRO CORPORATION, DEFENDANT-APPELLEE

No. COA96-525

(Filed 15 July 1997)

### 1. Appeal and Error § 203 (NCI4th)— notice of appeal—filing after order rendered but not entered

Plaintiff's notice of appeal of a wrongful discharge action was timely where it was filed after an order denying her motion for judgment n.o.v. was rendered in open court but before the written order was entered. Therefore, the Court of Appeals had jurisdiction to hear the appeal where the order entered by the trial court was in substantial compliance with the order rendered in open court.

ABELS v. RENFRO CORP.

[126 N.C. App. 800 (1997)]

**Am Jur 2d, Appellate Review §§ 285 et seq.**

**Right to perfect appeal, against party who has not appealed, by cross appeal filed after time for direct appeal had passed. 32 ALR3d 1290.**

2. **Appeal and Error § 418 (NCI4th)— assignment of error— not set forth in brief—deemed abandoned**

Assignments of error which were not set out in plaintiff appellant's brief are deemed abandoned. N.C. R. App. P. 28(b)(5).

**Am Jur 2d, Appellate Review §§ 544-551.**

3. **Labor and Employment § 71 (NCI4th)— wrongful discharge—filing workers' compensation claim—burden of proof—pattern jury instructions**

The pattern jury instructions on the burden of proof for wrongful discharge set forth in *Johnson v. Friends of Weymouth*, 342 N.C. 895, 467 S.E.2d 903, are not limited to cases wherein an employee was discharged for refusing to perform an unlawful act but were properly applied in an action in which plaintiff claimed she was discharged for having made or prepared to make a workers' compensation claim.

**Am Jur 2d, Employment Relationship §§ 52 et seq.**

Appeal by plaintiff from judgment filed 10 October 1995 and order filed 8 December 1995 by Judge Judson D. DeRamus, Jr. in Surry County Superior Court. Heard in the Court of Appeals 16 January 1997.

*Franklin Smith for plaintiff-appellant.*

*Constangy, Brooks & Smith, by W. R. Loftis, Jr. and Robin E. Shea for defendant-appellee.*

JOHN, Judge.

Plaintiff appeals entry of judgment in favor of defendant, as well as denial of her motion for judgment notwithstanding the verdict (JNOV) pursuant to N.C.G.S. § 1A-1 Rule 50(b)(1) (1990) or, alternatively, for new trial pursuant to N.C.G.S. § 1A-1 Rule 59 (1990). Plaintiff also contends the trial court erroneously instructed the jury. We hold the trial court committed no error.

ABELS v. RENFRO CORP.

[126 N.C. App. 800 (1997)]

Pertinent procedural background includes the following: This matter is before us a second time. *See Abels v. Renfro Corp.*, 108 N.C. App. 135, 423 S.E.2d 479 (1992), *aff'd in part and reversed in part*, 335 N.C. 209, 436 S.E.2d 822 (1993). On remand, following jury trial which commenced 26 September 1995, judgment upon a verdict in favor of defendant was signed by the trial court 6 October 1995 and filed 10 October 1995.

On 12 October 1995, plaintiff filed a "Motion for Judgment Notwithstanding the Verdict or in the Alternative, Motion to Set Judgment Aside" (plaintiff's motion). At a 22 November 1995 hearing, the trial court orally denied plaintiff's motion and instructed plaintiff's counsel to prepare an order to this effect. On 30 November 1995, plaintiff filed notice of appeal and duly served defendant. An order denying plaintiff's motion was signed by the trial court 5 December 1995 and filed 8 December 1995.

[1] As a threshold matter, defendant claims plaintiff's appeal is untimely under N.C.R. App. P. 3 (Rule 3). The provisions of Rule 3 are jurisdictional, and failure to follow the requirements thereof requires dismissal of an appeal. *Currin-Dillehay Bldg. Supply v. Frazier*, 100 N.C. App. 188, 189, 394 S.E.2d 683, *appeal dismissed and disc. review denied*, 327 N.C. 633, 399 S.E.2d 326 (1990).

The relevant sections of Rule 3 read as follows:

(a) **Filing the Notice of Appeal.** Any party entitled by law to appeal from a judgment or order of a superior or district court rendered in a civil action or special proceeding may take appeal by filing notice of appeal with the clerk of superior court and serving copies thereof upon all other parties within the time prescribed by subdivision (c) of this rule.

. . . .

(c) **Time for Taking Appeal.** Appeal from a judgment or order in a civil action or special proceeding must be taken within 30 days after its entry. The running of the time for filing and serving a notice of appeal in a civil action or special proceeding is tolled as to all parties for the duration of any period of noncompliance with the service requirement of Rule 58 of the Rules of Civil Procedure, and by a timely motion filed by any party pursuant to the Rules of Civil Procedure enumerated in this subdivision, and the full time for appeal commences to run and is to be computed from the entry of an order upon any of the following motions:

(1) a motion under Rule 50(b) for judgment *n.o.v.* whether or not with conditional grant or denial of new trial;

. . . .

(4) a motion under Rule 59 for a new trial.

This Court is without authority to entertain appeal of a case which lacks entry of judgment. *Searles v. Searles*, 100 N.C. App. 723, 724-25, 398 S.E.2d 55, 56 (1990). Announcement of judgment in open court merely constitutes "rendering" of judgment, not entry of judgment. *Kirby Building Systems v. McNiel*, 327 N.C. 234, 239-40, 393 S.E.2d 827, 830 (1990), *reh'g denied*, 328 N.C. 275, 400 S.E.2d 453 (1991). Previously, rendering of judgment triggered the time at which an oral or written notice of appeal could be taken, while entry of judgment marked the commencement of the period at which only written notice was allowed. *See Stachlowski v. Stach*, 328 N.C. 276, 278-79, 401 S.E.2d 638, 640 (1991). Subsequent revisions to the rules of appellate procedure deleted the option of oral notice of appeal in civil proceedings, *see Currin-Dillehay*, 100 N.C. App. at 189, 394 S.E.2d at 683, but left unaffected the distinction between rendering and entry of judgment.

Determination of when entry of judgment has occurred is governed by the statutory provisions containing our North Carolina Rules of Civil Procedure, *see Stachlowski*, 328 N.C. at 279, 401 S.E.2d at 640, and the definition of entry of judgment thereunder has changed with time. *See Worsham v. Richbourg's Sales and Rentals*, 124 N.C. App. 782, 783-84, 478 S.E.2d 649, 650 (1996). The present statute states

> a judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court.

N.C.G.S. § 1A-1, Rule 58 (Cum. Supp. 1996, effective as to all judgments subject to entry after 1 October 1994). While neither N.C.R. Civ. P. 58 nor any other statutory section addresses entry of an order, the purpose of N.C.R. App. P. 3 is best served by applying a like definition to entry of an order. Accordingly, an order is entered "when it is reduced to writing, signed by the judge, and filed with the clerk of court." *See* G.S. § 1A-1, Rule 58.

Reading N.C.R. App. P. 3(a) and (c) *in pari materia* and in conjunction with the decisions of our courts interpreting these rules, *see, e.g., Currin-Dillehay*, 100 N.C. App. 188, 394 S.E.2d 683, *Kirby*

*Building,* 327 N.C. 234, 393 S.E.2d 827, *Stachlowski,* 328 N.C. 276, 401 S.E.2d 638 and *Worsham,* 124 N.C. App. 782, 478 S.E.2d 649, we believe rendering of an order commences the time when notice of appeal *may* be taken by filing and serving written notice, N.C.R. App. P. 3(a), *see Searles,* 100 N.C. App. at 726, 398 S.E.2d 56, while entry of an order initiates the thirty-day time limitation within which notice of appeal *must* be filed and served. N.C.R. App. P. 3(c).

Filing a JNOV motion tolls running of the time for appeal of a judgment which has been entered. N.C.R. App. P. Rule 3(c)(1); *see, e.g., Kron Medical Corp. v. Collier Cobb & Associates,* 107 N.C. App. 331, 334, 420 S.E.2d 192, 193, *disc. review denied,* 333 N.C. 168, 424 S.E.2d 910 (1992) *and reconsideration denied,* 333 N.C. 345, 426 S.E.2d 706 (1993). Plaintiff's motion herein thus tolled running of the thirty day limit under N.C.R. App. P. 3(c) for appeal of the trial court's judgment entered 10 October 1995. Plaintiff's motion was denied in open court at a hearing conducted 22 November 1995. Plaintiff thus was *entitled* to file notice of appeal immediately upon said rendering of an order denying her motion.

However, the "full time," N.C.R. App. P. 3(c), for appeal as to both the original judgment and denial of the motion "commence[d] to run and [must] be computed from the *entry* of [the trial court's] order," *id.* (emphasis added), denying plaintiff's motion, *i.e.,* 8 December 1995, the date upon which the written order was filed reflecting the order rendered 22 November 1995. Plaintiff therefore was *required* by N.C.R. App. P. 3(c)(1) to file notice of appeal no later than 30 days following entry of the court's order.

Plaintiff filed and served her notice of appeal 30 November 1995. Notwithstanding defendant's protestations that plaintiff's appeal was premature, therefore, plaintiff timely appealed in that her notice was filed and served subsequent to the trial court's rendering of its order, albeit prior to entry of said order.

Nonetheless, although appeal of a rendered order or judgment may be timely filed, jurisdiction will not vest with this Court if judgment in substantial compliance with the judgment rendered is not subsequently entered. *Worsham,* 124 N.C. App. at 784, 478 S.E.2d at 650, *Searles,* 100 N.C. App. at 726, 398 S.E.2d at 56-57. If no judgment is entered, special rules apply. *See* G.S. § 1A-1 Rule 58 and N.C.R. App. P. 3. Likewise, this Court will dismiss an appeal if the judgment or order does not appear in the record on appeal. *Searles,* 100 N.C. App. at 724-25, 398 S.E.2d at 56, N.C.R. App. P. 9(a)(1). In the case *sub*

*judice*, an order in substantial compliance with the order rendered was subsequently entered 8 December 1995 and appears in the record on appeal. Plaintiff's appeal is thus properly before us, and we therefore proceed to consider the merits thereof.

**[2]** Of plaintiff's four assignments of error set out in the record on appeal, her appellate brief includes no discussion of that assignment alleging the trial court "failed to force the Defendant to comply with reasonable discovery." This assignment is therefore deemed abandoned. *See* N.C.R. App. P. 28(b)(5).

**[3]** Appellant's three remaining assignments of error address the propriety of the trial court's jury instruction as to the burden of proof for wrongful discharge. In *Johnson v. Friends of Weymouth*, 120 N.C. App. 255, 461 S.E.2d 801 (1995), *disc. review denied*, 342 N.C. 895, 467 S.E.2d 903 (1996), this Court held the pattern jury instructions for wrongful discharge should read as follows:

1. Was plaintiff's [protected conduct] a substantial factor in defendant's decision to terminate her employment?

2. If so, would defendant have terminated plaintiff's employment even if she had not [engaged in the protected conduct].

*Id.* at 259, 461 S.E.2d at 804. Our review of the transcript indicates the trial court utilized this wording in its instructions to the jury.

Notwithstanding, plaintiff contends *Johnson* applies only to cases wherein an employee was discharged for refusing to perform an unlawful act, and not to instances such as that *sub judice* in which plaintiff claimed discharge in consequence of having made or prepared to make a claim under our Workers' Compensation Act. *See* N.C.G.S. § 97-6.1 (1991) (repealed and recodified as N.C.G.S. § 95-241 effective 1 October 1992 (Cum. Supp. 1996)). In *Tellado v. Ti-Caro Corp.*, 119 N.C. App. 529, 459 S.E.2d 27 (1995), this Court held cases brought pursuant to former N.C.G.S. § 97-6.1 were analogous to other types of wrongful discharge cases. *Id.* at 533-34, 459 S.E.2d at 30. Plaintiff's argument is therefore unfounded.

Plaintiff also contends the trial court erred by denying plaintiff's motion. However, her motion was grounded upon the single contention that the court's instructions to the jury on the issue of wrongful discharge were erroneous. *See Penley v. Penley*, 314 N.C. 1, 10-11, 332 S.E.2d 51, 57 (1985) (appellate review of denial of motion for judgment notwithstanding the verdict is reviewable as issue of

**MARTIN MARIETTA TECHNOLOGIES v. BRUNSWICK COUNTY**

[126 N.C. App. 806 (1997)]

law). Having concluded the trial court's instructions were proper, we find no error in its denial of plaintiff's motion which asserted the contrary.

No Error.

Judges McGEE and SMITH concur.