JETTIE RUTH STEVENS, Plaintiff v. JACINTO HERRERA GUZMAN, Defendant

No. COA99-1360

(Filed 5 December 2000)

**1. Appeal and Error— notice of appeal—timeliness—motion for new trial**

An appeal was dismissed as untimely where the notice of appeal was filed beyond the 30 days provided by N.C.G.S. § 1A-1, Rule 3. Plaintiff was not entitled to the tolling provisions of Rule 3 for a motion for a new trial because she filed her motion before the entry of judgment.

**2. Civil Procedure— refusal to enter written order on motion—remedy**

Appeals from a trial court's refusal to enter a written order on motions for judgment notwithstanding the verdict and a new trial were dismissed; the court has an obligation to enter orders disposing of a party's motions, but the failure to enter an order is to be addressed through a writ of mandamus.

Appeal by plaintiff from order for costs filed 29 April 1999, from judgment filed 5 March 1999, from order filed 4 June 1999, and from orally rendered orders denying plaintiff's motion for judgment notwithstanding the verdict and for a new trial and for a new trial pursuant to Rules 59 and 60 of the North Carolina Rules of Civil Procedure by Judge James F. Ammons, Jr. in Wake County Superior Court. Heard in the Court of Appeals 10 October 2000.

STEVENS v. GUZMAN

[140 N.C. App. 780 (2000)]

*E. Gregory Stott for plaintiff-appellant.*

*Baker, Jenkins & Jones, P.A., by Roger A. Askew and Kevin N. Lewis; and Jodee Sparkman Larcade, for defendant-appellee.*

GREENE, Judge.

Jettie Ruth Stevens (Plaintiff) appeals a judgment filed 5 March 1999 in favor of Jacinto Herrera Guzman (Defendant).[1]

Plaintiff presented evidence at trial that on 2 March 1997, she was injured in an automobile accident caused by Defendant's alleged negligence. At the close of the evidence, the jury returned a verdict finding Plaintiff was not "injured by the negligence of . . . [D]efendant." Subsequent to the reading of the jury verdict, Plaintiff made an oral motion in open court for judgment notwithstanding the verdict on the ground "the verdict [was] contrary to the evidence and law." In the alternative, Plaintiff also made an oral motion for a new trial. The trial court denied these motions in open court, and did not enter a written order on the motions. On 26 February 1999, Plaintiff filed a written Rule 59 motion for new trial on the ground "an error in law occurred at the trial, which was objected to by . . . [P]laintiff." On 1 March 1999, the trial court signed a judgment in conformity with the jury verdict and dismissed Plaintiff's claim with prejudice. This judgment was filed with the Wake County Clerk of Superior Court on 5 March 1999. A hearing was held on Plaintiff's written Rule 59 motion on 29 March 1999, and the trial court orally denied the motion at the hearing.

In a motion dated 12 March 1999, Defendant requested payment by Plaintiff of "costs incurred in preparing for the trial of this matter," pursuant to Rule 68 of the North Carolina Rules of Civil Procedure. The trial court granted Defendant's motion and in an order signed and filed 29 April 1999, awarded Defendant $1,086.28 in costs.

In a motion dated 19 May 1999, Plaintiff requested the trial court "reduce its rulings on [P]laintiff's [oral and written] Motions for new trial to writing so that the same can be filed with the Wake County Clerk of Superior Court." In an order dated 3 June 1999, the trial court denied the motion, finding "there is no need for an order reducing those rulings to writing."

---

1. Plaintiff appeals several additional orders of the trial court, which are noted in our recitation of the facts of this case.

STEVENS v. GUZMAN

[140 N.C. App. 780 (2000)]

On 28 May 1999, Plaintiff gave notice of appeal to the trial court's 29 April 1999 order. Also, in a notice of appeal dated 11 June 1999, Plaintiff gave notice of appeal to the trial court's 5 March 1999 judgment, the trial court's oral orders denying Plaintiff's motions for judgment notwithstanding the verdict and new trial, and the trial court's 3 June 1999 order, in which the trial court refused to reduce its oral orders to writing.

---

The issues are whether (I) Plaintiff's notice of appeal of the trial court's 5 March 1999 judgment was timely; and (II) Plaintiff's appeal of the trial court's refusal to enter an order in response to her Rule 50 and Rule 59 motions is properly before this Court.

I

[1] "Appeal from a judgment or order in a civil action . . . must be taken within 30 days after its entry." N.C.R. App. P. 3(c). A judgment or order in a civil action is entered "when it is reduced to writing, signed by the judge, and filed with the clerk of court." N.C.G.S. § 1A-1, Rule 58 (1999); *Abels v. Renfro Corp.*, 126 N.C. App. 800, 803, 486 S.E.2d 735, 737-38 (quoting N.C.G.S. § 1A-1, Rule 58), *disc. review denied*, 347 N.C. 263, 493 S.E.2d 450 (1997).

The running of the time period for filing notice of appeal from the judgment is tolled by the timely filing of a motion for judgment notwithstanding the verdict or motion for new trial, pursuant to Rule 50(b) or Rule 59(a) of the North Carolina Rules of Civil Procedure. N.C.R. App. P. 3(c)(1), (4).[2] To be timely, these motions must be filed "[n]ot later than 10 days after entry of [the] judgment," N.C.G.S. § 1A-1, Rule 50(b)(1) (1999); N.C.G.S. § 1A-1, Rule 59(b) (1999), and not before the entry of judgment, *Watson v. Dixon*, 130 N.C. App. 47, 51, 502 S.E.2d 15, 19 (1998).[3] When the period for filing notice of appeal is tolled by the filing of a motion, "[t]he full time for appeal commences to run and is to be computed from the date of . . . entry of an order upon . . . the . . . motions." N.C.R. App. P. 3(c).

---

2. Rule 3 of the Appellate Rules also provides for tolling by motions filed pursuant to Rule 52(b) and Rule 59(e). N.C.R. App. P. 3.

3. We are aware the practice in this State is often for attorneys to make their Rule 50 and Rule 59 motions immediately following the return of the jury verdict, which is usually before the entry of the judgment. We also acknowledge the language in Rule 50(b)(1) and Rule 59(b), "[n]ot later than 10 days after entry of [the] judgment," could reasonably be read to permit the filing of these motions at any time after the judgment is rendered, but in no event later than 10 days after entry. In any event, we are bound by *Watson. In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d

STEVENS v. GUZMAN

[140 N.C. App. 780 (2000)]

In this case, Plaintiff filed her motion for a new trial before the entry of the judgment, which occurred on 5 March 1999.[4] She is thus not entitled to the benefit of the tolling provisions of Rule 3. Accordingly, because her notice of appeal from the judgment was filed 11 June 1999, beyond the 30 days provided for in Rule 3, the appeal is not timely and must be dismissed.[5] *See Currin-Dillehay Bldg. Supply, v. Frazier,* 100 N.C. App. 188, 189, 394 S.E.2d 683, 683 ("Appellate Rule 3 is jurisdictional and if the requirements of this rule are not complied with, the appeal must be dismissed."), *disc. review denied,* 327 N.C. 633, 399 S.E.2d 326 (1990).

II

[2] Plaintiff also appeals the trial court's refusal to enter a written order on Plaintiff's motions for judgment notwithstanding the verdict and new trial. The trial court has an obligation to enter orders disposing of a party's motions. The failure of the trial court to enter an order, however, is not a matter to be addressed on an appeal from that inaction, but instead is to be addressed through a writ of mandamus filed with this Court. *See* N.C.R. App. P. 22(a); N.C.R. App. P. 22 drafting committee note, para. 2, *reprinted in* 287 N.C. 730, 732 (1975) (writ of mandamus is appropriate method to "compel a judicial action erroneously refused"). Accordingly, Plaintiff's appeals on these issues are dismissed.

Dismissed.

Judges MARTIN and EDMUNDS concur.

---

30, 37 (1989) (panel of the Court of Appeals is bound by a prior decision of another panel of the Court of Appeals).

4. Additionally, Plaintiff made an oral motion for judgment notwithstanding the verdict and, in the alternative, for a new trial subsequent to the rendering of judgment on the jury's verdict. Because the running of the time period for filing a notice of appeal may only be tolled by the *filing* of a motion and not by an oral motion, N.C.R. App. P. 3(c), Plaintiff's oral motions are not relevant to the issue of whether Plaintiff's notice of appeal was timely filed in this case.

5. Additionally, we note Plaintiff's notice of appeal to the trial court's 29 April 1999 order, requiring Plaintiff to pay costs to Defendant in the amount of $1,086.28, was timely filed under Rule 3 of the North Carolina Rules of Appellate Procedure. Plaintiff's sole argument in her brief to this Court regarding this order is that it should be reversed on the ground Plaintiff is entitled to a new trial. Because we have dismissed Plaintiff's appeal of the judgment in this case, Plaintiff's argument that the 29 April 1999 order should be reversed is without merit.