ROSE MARY MERRICK, A MINOR PLAINTIFF V. GLENN R. PETERSON, BERNICE CROOM, ELSIE JANE PETERSON, LINWOOD PETERSON, ISMAE P. BRINSON, LOIS P. SAUNDERS, MARY BURNS LENNON, ET ALS DEFENDANTS V. CARNEAL HOOPER, FLOYD HENRY HOOPER, WILLIAM FITZGERALD HOOPER, LILLY GAIL HOOPER NEWKIRK AND JAMES ALMO WILLIAMS, GUARDIAN AD LITEM FOR THE UNNAMED, UNKNOWN, INCOMPETENT AND MINOR HEIRS OF JOHN H. HOOPER AND JOSHUA HOOPER, SR.

No. COA00-247

(Filed 5 June 2001)

**1. Appeal and Error— timeliness of appeal—any time after judgment rendered in open court**

Although defendants claim plaintiff's appeal is untimely under N.C. R. App. P. 3 based on the appeal being filed at 10:45 a.m. on 3 August 1999 which was prior to the entry of judgment at 1:42 p.m. on 3 August 1999, plaintiff's appeal is proper because she was entitled to file and serve written notice of appeal at any time after the judgment was rendered in open court.

**2. Civil Procedure— directed verdict—all grounds stated in motion considered**

The Court of Appeals can consider all of the grounds specifically stated in defendants' motion to the trial court for a directed verdict under N.C.G.S. § 1A-1, Rule 50(a).

**3. Collateral Estoppel and Res Judicata— res judicata—ownership of property—not same subject matter or issues**

Plaintiff's cause of action to quiet title by adverse possession is not barred by the doctrine of res judicata even though defendants claim there was an adjudication concerning this property in a prior action, because: (1) plaintiff's surveyor testified that the

property to which plaintiff is claiming title is not identical to the property to which defendants claimed record title in the previous action; and (2) the surveyor further testified the property in the deed relied upon by defendants only encompasses a portion of the property that plaintiff was claiming through another deed.

**4. Adverse Possession— no evidence of possession—directed verdict proper**

The trial court did not err by granting a directed verdict in favor of defendants at the close of plaintiff's evidence in an action to quiet title under N.C.G.S. § 41-10 by adverse possession, because: (1) plaintiff admitted she never possessed the property; (2) plaintiff failed to present evidence of adverse possession by any ancestors or relatives through which plaintiff gained an interest in the property; and (3) there was no evidence plaintiff was ever conveyed or inherited an interest in the property.

Appeal by plaintiff from judgment entered 3 August 1999 by Judge Henry V. Barnette, Jr. in Brunswick County Superior Court. Heard in the Court of Appeals 12 January 2001.

*Nunalee & Nunalee, L.L.P., by Mary Margaret McEachern Nunalee; and Jacqueline Morris-Goodson, for plaintiff-appellant.*

*Frink, Foy and Yount, P.A., by Henry G. Foy, for defendants-appellees.*

CAMPBELL, Judge.

Plaintiff appeals, arguing that the trial court erred in granting defendants' motion for directed verdict at the close of plaintiff's evidence. We disagree and affirm the trial court's judgment.

Plaintiff, a minor, by and through her duly appointed guardian ad litem, filed an action on 19 May 1997 to quiet title to a parcel of land located in Brunswick County. In her complaint, plaintiff asserted ownership of the disputed property based on adverse possession under color of title for more than seven years, and adverse possession for more than forty years (twenty years of adverse possession being sufficient under N.C. Gen. Stat. § 1-40). Plaintiff also alleged that she was not bound by the judgment entered in a prior action (89 CVS 232) involving a large number of plaintiff's blood relatives, and involving what defendants claim to be the same piece of property. Plaintiff

claims she was a real party in interest in 89 CVS 232 and that she was not properly joined as a party defendant in that action.

In their answer, defendants raised numerous defenses, including the affirmative defenses of *res judicata*, failure to join necessary parties, and lack of standing. Defendants alleged plaintiff was barred from pursuing this action based on the existence of a final judgment in 89 CVS 232. Defendants also asserted ownership of the disputed property based on adverse possession for more than twenty years, and adverse possession under color of title for more than seven years.

Plaintiff subsequently moved to amend her complaint to join necessary parties. This motion was allowed by the trial court, and an amended complaint was filed.

Plaintiff then filed a motion to strike certain of defendants' defenses, including *res judicata*, arguing that plaintiff was not bound by the judgment in 89 CVS 232, because she was an unrepresented minor at the time, and was not in privity with any of the parties named or represented in 89 CVS 232. Plaintiff also argued that *res judicata* was inapplicable because the present action involved a different set of issues than those adjudicated in 89 CVS 232. Plaintiff's motion to strike defendants' *res judicata* defense was denied.

Defendants then filed a motion for summary judgment on 27 February 1998, which was subsequently denied by the trial court. In its order, the trial court again ordered the joinder of additional necessary parties to the action.

On 16 September 1998, the trial court entered an order granting plaintiff's motion to add parties defendant and ordering plaintiff to file an amended complaint naming certain parties as third-party defendants. This order also discharged plaintiff's guardian ad litem because plaintiff had reached the age of majority, and denied a motion to dismiss filed by defendants. On 25 November 1998, James Almo Williams was appointed guardian ad litem for the unnamed, unknown, incompetent and minor heirs of John H. Hooper and Joshua Hooper, Sr., direct ancestors of members of the Hooper family through whom plaintiff traces her claim to the subject property.

On 1 February 1999, plaintiff filed a motion for partial summary judgment as to defendants' counterclaim of adverse possession under color of title. The record reflects no ruling on this motion.

MERRICK v. PETERSON

[143 N.C. App. 656 (2001)]

Plaintiff's evidence at trial was as follows: G. Douglas Jeffries, a Registered Land Surveyor, testified that he surveyed a tract of land at the request of Sherman Davis and Herbert Willis, members of the Hooper family and cousins of the plaintiff, based on the property description contained in a 1953 Deed recorded in the Brunswick County Register of Deeds in Book 113, Page 560 (the Hooper Deed). This deed conveyed property from Alfred and Josephine Hooper (plaintiff's great-grandparents) and Lillie Davis (plaintiff's great-great aunt) to Josh Hooper and Davis Hooper (plaintiff's great-great uncles). Based on its legal description, as well as maps and deeds of adjoining property, the surveyor was able to place the property in the 1953 Deed on the ground. The surveyor also testified that the deed on which defendants based their claim of record title to the property in the prior action (89 CVS 232), a 1944 conveyance from F.L. Formyduval and wife Thelma C. Formyduval and C.H. Zibelin and wife Suzie Tharp Zibelin to H.O. Peterson (the Peterson Deed), does not describe the same piece of property as that described in the Hooper Deed. Instead, the surveyor testified that the Peterson Deed describes only a portion of the property described in the Hooper Deed. The surveyor also testified that the property described in the Peterson Deed could not be placed on the ground.

Herbert L. Willis testified that he was the grandson of Alexander Hooper, Jr. (plaintiff's cousin), and that the Hooper family had lived on, farmed, hunted, and harvested timber from the subject property for as long as he could remember. He also testified that the Hooper family had erected gates around the property to block entrance upon it, and had chased people from the property when they were on it without the family's permission.

William Cartwright Clemmons, Sr. testified that he had married into the Hooper family, was president of the Hooper Hill Hunting Club located on the disputed property, and that the Hunting Club had never sought permission to use the property from anyone other than a member of the Hooper family.

Other members of the Hooper family, all of whom are related to plaintiff in some fashion, testified to the family's possession of, and activities on, the property through the years. However, there was no testimony that plaintiff herself had ever actually been in possession of the property, or performed any acts (fencing the property, removing trespassers, timbering, etc.) indicating possession of the property. In fact, Herbert Willis, compiler of the Hooper family history, testified that he had never seen the plaintiff hunting on the property, cutting

timber on the property, running trespassers off the property, or in any other way exercising dominion over the property. Likewise, there was no evidence that plaintiff's mother, or any of plaintiff's direct ancestors, had possessed the subject property since the property was conveyed by plaintiff's great-grandparents in the 1953 Deed.

At the close of plaintiff's evidence, defendants moved for a directed verdict on the following grounds: (1) *res judicata*, (2) failure of plaintiff to meet her burden of proving title to the disputed property; and (3) failure of plaintiff to place the property described in the 1953 Hooper Deed on the ground. The trial court granted defendants' motion, and plaintiff appeals to this Court.

I.

**[1]** As a threshold matter, defendants claim plaintiff's appeal is untimely under N.C. R. App. P. 3 (Rule 3). "The provisions of Rule 3 are jurisdictional, and failure to follow the requirements thereof requires dismissal of an appeal." *Abels v. Renfro Corp.*, 126 N.C. App. 800, 802, 486 S.E.2d 735, 737, *disc. review denied*, 347 N.C. 263, 493 S.E.2d 450 (1997). In *Abels*, this Court stated:

> Reading N.C.R. App. P. 3(a) and (c) *in pari materia* and in conjunction with the decisions of our courts interpreting these rules, we believe rendering of an order commences the time when notice of appeal *may* be taken by filing and serving written notice, while entry of an order initiates the thirty-day time limitation within which notice of appeal *must* be filed and served.

*Id.* at 803-04, 486 S.E.2d at 738 (internal citations omitted). We believe the reasoning of *Abels* applies equally in the case of a judgment.

In the instant case, the trial court rendered and signed the judgment on 2 August 1999, at which time plaintiff gave oral notice of appeal, which is no longer sufficient to perfect an appeal under our Rules of Appellate Procedure. *See Currin-Dillehay Bldg. Supply v. Frazier*, 100 N.C. App. 188, 394 S.E.2d 683, *appeal dismissed and disc. review denied*, 327 N.C. 633, 399 S.E.2d 326 (1990). The judgment was filed with the clerk of court on 3 August 1999 at 1:42 p.m. Plaintiff filed written notice of appeal on 3 August 1999 at 10:45 a.m. Defendants argue that notice of appeal was not timely because it was filed prior to entry of judgment. However, *Abels* makes it clear that plaintiff was entitled to file and serve written notice of appeal any time after the judgment was rendered in open court. Plaintiff's

appeal thus is properly before us, and we therefore proceed to consider the merits thereof.

II.

[2] Plaintiff assigns as error the trial court's granting of defendants' motion for a directed verdict at the close of plaintiff's evidence. "A directed verdict is properly granted where it appears, as a matter of law, that the nonmoving party cannot recover upon any view of the facts which the evidence reasonably tends to establish." *Beam v. Kerlee*, 120 N.C. App. 203, 210, 461 S.E.2d 911, 917 (1995), *cert. denied*, 342 N.C. 651, 467 S.E.2d 703 (1996). When a court considers the propriety of a directed verdict motion, the nonmoving party is entitled to the benefit of every reasonable inference which may be legitimately drawn from the evidence, and all evidentiary conflicts must be resolved in favor of the nonmoving party. *See Chappell v. Donnelly*, 113 N.C. App. 626, 439 S.E.2d 802 (1994). Under this standard, this Court must determine whether plaintiff's evidence, when considered in the light most favorable to plaintiff, was legally sufficient to withstand defendants' motion for a directed verdict as to plaintiff's claims. The motion for directed verdict should be denied if there is more than a scintilla of evidence supporting each element of plaintiff's claim. *Beam*, 120 N.C. App. at 210, 461 S.E.2d at 917.

Plaintiff argues on appeal that directed verdict for defendants was improper, because plaintiff's claim was not barred by the doctrine of *res judicata*. Plaintiff contends that the judgment in the prior action (89 CVS 232) did not involve the same parties, or their privies, the same subject matter, or the same issues. Defendants contend that directed verdict was not based solely on the doctrine of *res judicata*, and, in support of the directed verdict, they argue all of the grounds specifically stated in their motion to the trial court.

Our review of the record indicates that, at the close of plaintiff's evidence, defendants' counsel moved to dismiss the case on the following grounds: (1) *res judicata*, (2) failure to meet the burden of proof to quiet title; and (3) failure to place the property in the 1953 Hooper Deed on the ground. Following arguments by both sides, the trial court granted defendants' motion. In describing its decision to the jury, the trial court indicated that the directed verdict was based on the doctrine of *res judicata*. However, in an exchange with plaintiff's counsel, the trial court also indicated that it did not feel plaintiff had presented sufficient evidence of possession. The trial court entered a simple judgment with no findings of fact or conclusions of

law. We must first decide if this Court, in determining whether the trial court erred in granting defendants' directed verdict motion, can consider all of the grounds specifically stated in defendants' motion to the trial court.

Rule 50(a) of the North Carolina Rules of Civil Procedure requires that "[a] motion for a directed verdict shall state the specific grounds therefor." N.C. R. Civ. P. 50(a). The purpose behind this requirement that specific grounds for a motion for directed verdict be stated is to give the trial court and the adverse party notice of the grounds for the motion. *Anderson v. Butler*, 284 N.C. 723, 202 S.E.2d 585 (1974). We hold that this Court, in reviewing a grant of directed verdict, may consider all of the grounds specifically stated by the moving party in its motion to the trial court. This result is consistent with the notice purpose of Rule 50(a), and it does not allow a moving party to make an argument in support of directed verdict for the first time on appeal. *See Feibus & Co. v. Construction Co.*, 301 N.C. 294, 271 S.E.2d 385 (1980), *rehearing denied*, 301 N.C. 727, 274 S.E.2d 228 (1981) (holding this Court erred in upholding a directed verdict on a ground not stated in the defendants' motion to the trial court, based on the notice purpose of Rule 50(a)). We now proceed to the merits of this case.

A.

**[3]** Plaintiff contends that her cause of action is not barred by the doctrine of *res judicata*. We agree.

Under the doctrine of *res judicata*, "a final judgment on the merits in a prior action will prevent a second suit based on the same cause of action between the same parties or those in privity with them." *Thomas M. McInnis & Assoc. v. Hall*, 318 N.C. 421, 428, 349 S.E.2d 552, 556 (1986). "Generally, in order that the judgment in a former action may be held to constitute an estoppel as *res judicata* in a subsequent action there must be identity of parties, of subject matter and of issues." *Light Co. v. Insurance Co.*, 238 N.C. 679, 691, 79 S.E.2d 167, 175 (1953), *rehearing denied*, 240 N.C. 196, 81 S.E.2d 404 (1954). When parties in a subsequent action claim ownership of lands which are not the identical lands to which rights were adjudicated in the former action, or where there is a question of lappage, there is neither identity of subject matter nor of issues. *Blake v. Norman*, 37 N.C. App. 617, 247 S.E.2d 256, *disc. review denied*, 296 N.C. 106, 250 S.E.2d 35 (1978).

In the instant case, plaintiff's surveyor testified that the property to which plaintiff is claiming title is not identical to the property to which defendants claimed record title in the previous action. The surveyor further testified that the property in the Peterson Deed only encompassed a portion of the property plaintiff was claiming through the Hooper Deed. Viewing the evidence in the light most favorable to the nonmoving party, in this case the plaintiff, we find that the two deeds do not describe identical pieces of property. Therefore, the two cases have neither identity of subject matter, nor issues, and *res judicata* does not bar plaintiff's action in this case.

## B.

**[4]** Defendants contend the trial court was correct in granting a directed verdict, on the grounds that plaintiff failed to meet her burden of proof to quiet title. In an action to quiet title under N.C. Gen. Stat. § 41-10, the burden of proof is on the plaintiff to establish his title. *Heath v. Turner*, 309 N.C. 483, 488, 308 S.E.2d 244, 247 (1983). This may be accomplished by either (1) reliance on the Real Property Marketable Title Act, or (2) utilization of traditional methods of proving title. *Id.* at 488, 308 S.E.2d at 247. From our review of plaintiff's complaint and the evidence in the case *sub judice*, it appears plaintiff made the following two claims of title to the property: (1) title by more than twenty years of adverse possession, and (2) title by more than seven years of adverse possession under color of title. Both of these theories of ownership require a minimum period of adverse possession.

To acquire title to land by adverse possession, the claimant must show actual, open, hostile, exclusive, and continuous possession of the land claimed for the prescriptive period (seven years or twenty years) under known and visible lines and boundaries. *Curd v. Winecoff*, 88 N.C. App. 720, 364 S.E.2d 730 (1988); N.C. Gen. Stat. § 1-38 (1999); N.C. Gen. Stat. § 1-40 (1999). Successive adverse users in privity with prior adverse users can tack successive adverse possessions of land so as to aggregate the prescriptive period (twenty years or seven years). *Dickinson v. Pake*, 284 N.C. 576, 201 S.E.2d 897 (1974). Under the legal principle of tacking, it is permissible to tie the possession of an ancestor to that of an heir when there is no hiatus or interruption in the possession. *Paper Company v. Jacobs*, 258 N.C. 439, 128 S.E.2d 818 (1963).

Although plaintiff admits in her reply brief that she never actually possessed the property herself, she argues that she should be able to

tack onto the possession of her direct ancestors. The fact that plaintiff admits that she never actually possessed the property is fatal to her claim of adverse possession. To benefit from the principle of tacking, plaintiff would have to show evidence of adverse possession by a direct ancestor, or some other individual in privity with plaintiff, followed by adverse possession by plaintiff, with no hiatus or interruption of the possession. Here, not only has plaintiff admitted that she never possessed the property in question, plaintiff has failed to present evidence of adverse possession by any ancestors or relatives through which plaintiff gained an interest in the property. There is no evidence of adverse possession by plaintiff's mother or grandparents. The only evidence of possession by a direct ancestor is the 1953 Deed by which plaintiff's great-grandparents conveyed their interest in the property to two of plaintiff's cousins. Further, there is no evidence plaintiff was ever conveyed, or ever inherited, an interest in the property at issue. Even treating all of plaintiff's evidence as true, there is insufficient evidence of adverse possession.

For the foregoing reasons, we hold the trial court did not err in granting directed verdict in favor of defendants.

Affirmed.

Judges WALKER and HUNTER concur.