LIAM PATRICK WALLIS, INDIVIDUALLY, PLANTATION PROPERTY MANAGEMENT, LLC AND LIAM PATRICK WALLIS, AS REPRESENTATIVE SHAREHOLDER ON BEHALF OF CHARTWELL HOMES, INC., PLAINTIFFS v. ANDREW CAMBRON, RICHARD M. GREENE, BAY POINT, LLC, AND BIG BALD MOUNTAIN, LLC, DEFENDANTS

No. COA08-178

(Filed 2 December 2008)

**1. Appeal and Error— appealability—failure to timely file notice of appeal**

Plaintiffs' appeal from the trial court's order entered 7 September 2007 should have been dismissed for failure to timely file a notice of appeal under N.C. R. App. P. 3(c) because: (1) motions entered under Rule 60 do not toll the time for filing a notice of appeal; (2) while the record did not reflect when plaintiffs were served a copy of the trial court order, plaintiffs were in possession of the order as their N.C.G.S. § 1A-1, Rule 60 motion filed 17 September 2007 included a copy of the 7 September 2007 order, and plaintiffs then appealed from the 7 September 2007 order on 7 November 2007, which was more than thirty days after the trial court order was filed; and (3) the provisions of Rule 3 are jurisdictional, and a jurisdictional default precludes the appellate courts from acting in any manner other than to dismiss the appeal.

**2. Civil Procedure— Rule 60 motion—misapplication of law requires appeal**

The trial court did not err by denying plaintiffs' N.C.G.S. § 1A-1, Rule 60 motion even though plaintiffs contend the trial court's 7 September 2007 order effectively precluded any shareholder derivative claim and amounted to a misapplication of the law where the trial court found that the shareholder demand requirement under N.C.G.S. § 55-7-42(a) had not been met and no

action for civil conspiracy existed under North Carolina law because: (1) a Rule 60(b) order does not overrule a prior order but, consistent with statutory authority, relieves parties from the effect of an order; and (2) judgments involving misapplication of the law may be corrected only by appeal and Rule 60(b) motions cannot be used as a substitute for appeal.

Appeal by plaintiffs from orders entered 10 September 2007 and 22 October 2007 by Judge Lindsay R. Davis, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 7 October 2008.

*Forman Rossabi Black, P.A., by Amiel J. Rossabi and Emily J. Meister, for plaintiff-appellants.*

*Mary K. Nicholson for Andrew Cambron and Bay Point, LLC. defendant-appellees.*

*Richard M. Greene pro se.*

BRYANT, Judge.

Plaintiffs Liam Wallis, individually and as representative shareholder on behalf of Chartwell Homes, Inc., and Plantation Property Management, LLC, (PPM) appeal from an order entered 10 September 2007, which granted in part defendants' Rule 12(b)(6) motion to dismiss plaintiffs' claims, and from an order entered 22 October 2007, which denied plaintiffs' Rule 60 motion for relief from the order entered 10 September 2007. For the reasons stated below, we dismiss plaintiffs' appeal in part and affirm in part.

The dispute between these parties arose from an agreement between Defendant Andrew Cambron and Plaintiff Liam Wallis to enter into a joint venture for the purpose of acquiring, developing, and selling real estate. Cambron was an officer and shareholder of Chartwell Homes, Inc. Plaintiffs alleged that pursuant to the agreement Cambron was responsible for raising capital, soliciting investors, and marketing, while Wallis was to be president and a 40% shareholder of Chartwell.

Later, Wallis alleged that Cambron refused to share internal Chartwell documents, usurped corporate opportunities, and failed to raise funds, bring in investors, and market properties to third parties per their agreement. Therefore, in an effort to market Chartwell properties, Wallis formed PPM but was unsuccessful as a result of the alleged conduct of defendants Cambron and Richard Greene.

WALLIS v. CAMBRON

[194 N.C. App. 190 (2008)]

In a complaint filed 18 September 2006 and amended 30 August 2007, plaintiffs raised twelve causes of action, including breach of contract, derivative shareholder claims against Cambron and Greene, the imposition of a trust, and a claim of civil conspiracy. In their answer, defendants' asserted that plaintiffs failed to set forth claims upon which relief could be granted which subjected the complaint to dismissal under Rule 12(b)(6).

In an order entered 7 September 2007, the trial court granted in part and denied in part defendants' motion to dismiss. As grounds for dismissal of plaintiffs' derivative shareholder claims, the trial court concluded plaintiffs failed to satisfy the shareholder demand requirement under N.C. Gen. Stat. § 55-7-42(a). Furthermore, the trial court concluded "no action for 'civil conspiracy' really exists in law" and dismissed that claim.

On 17 September 2007, plaintiffs filed a Motion For Relief From Order pursuant to North Carolina Civil Procedure Rule 60. Plaintiffs attached as "Exhibit A" a copy of the order entered 7 September 2007. On 17 October 2007, the trial court entered an order denying plaintiffs' Rule 60 motion. On 7 November 2007, plaintiffs filed a notice of appeal from both the 7 September 2007 order and the 17 October 2007 order.

---

On appeal, plaintiffs raise four issues: whether, in its 7 September 2007 order, the trial court erred by (I) concluding that the demand requirement under N.C. Gen. Stat. § 55-7-42(a) had not been met and (II) concluding no action for civil conspiracy exists under North Carolina law; whether the trial court erred by (III) dismissing plaintiffs' claim for cancellation of a notice of lis pendens filed by defendants; and (IV) denying plaintiffs' Rule 60 motion.

---

## I & II

[1] Defendants argue that plaintiffs' appeal from the trial court's order entered 7 September 2007 should be dismissed for failure to timely file a notice of appeal pursuant to the North Carolina Rules of Appellate Procedure, Rule 3(c). We agree.

Under our North Carolina Rules of Appellate Procedure, Rule 3(c), "Time for Taking Appeal," states, in pertinent part, the following:

In civil actions and special proceedings, a party must file and serve a notice of appeal:

(1) within 30 days after entry of judgment if the party has been served with a copy of the judgment within the three-day period prescribed by Rule 58 of the Rules of Civil Procedure; or

(2) within 30 days after service upon the party of a copy of the judgment if service was not made within that three-day period . . . .

N.C. R. App. P. 3(c) (2007). "The provisions of Rule 3 are jurisdictional, and failure to follow the requirements thereof requires dismissal of an appeal." *Abels v. Renfro Corp.*, 126 N.C. App. 800, 802, 486 S.E.2d 735, 737 (1997) (citation omitted). Motions entered pursuant to Rule 60 do not toll the time for filing a notice of appeal. *See* N.C. R. App. P. 3(c) (2007).

On 7 September 2007, the trial court entered an order which granted in part[1] and denied in part defendants' motion to dismiss plaintiffs' twelve causes of action. On 17 September 2007, plaintiffs filed a Rule 60 motion. In the motion, plaintiffs incorporated as "Exhibit A" a copy of the order entered on and bearing a file date stamp of 7 September 2007. On 17 October 2007, the trial court entered an order denying plaintiffs' Rule 60 motion. On 7 November 2007, plaintiffs filed a notice of appeal from both the 7 September 2007 order and the 17 October 2007 order.

While the record does not reflect when plaintiffs were served a copy of the trial court order, it is clear plaintiffs were in possession of the order as their Rule 60 Motion filed 17 September 2007 included a copy of the 7 September 2007 order. Plaintiffs then appealed from the 7 September 2007 order on 7 November 2007—more than thirty days after the trial court order was filed, and more than thirty days after plaintiffs filed the Rule 60 Motion. Therefore, plaintiffs have failed to comply with appellate procedure Rule 3(c).

As previously stated, "[t]he provisions of Rule 3 are jurisdictional." *Abels*, 126 N.C. App. at 802, 486 S.E.2d at 737 (citation omitted). And, "[a] jurisdictional default . . . precludes the appellate court from acting in any manner other than to dismiss the appeal."

---

1. The following claims were dismissed: 1) all derivative shareholder claims raised on behalf of Chartwell; 2) unfair and deceptive trade practices, except as based on allegations of defamation; 3) tortious interference with prospective contract; 4) defamation of PPM; 5) all derivative shareholder claims against Cambron and Greene individually; 6) cancellation of notice of lis pendens; and 7) imposition of "equitable, parole or resulting trust."

*Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 197, 657 S.E.2d 361, 365 (2008) (citations omitted). Accordingly, plaintiffs' appeal from the trial court order entered 7 September 2007 is dismissed.

### III

Prior to oral argument the parties stipulated that issue (III) had been resolved. Accordingly, the issue is no longer before us.

### IV

**[2]** Last, plaintiffs argue that the trial court erred in denying plaintiffs' Rule 60 motion. Plaintiffs assert that the trial court's 7 September 2007 order effectively precludes any shareholder derivative claim and amounted to a misapplication of the law where the trial court found that the shareholder demand requirement under N.C. Gen. Stat. § 55-7-42(a) had not been met and no action for civil conspiracy existed under North Carolina law. Plaintiffs' argument is misplaced.

Our review of a trial court's ruling on a Rule 60(b) motion is limited to a determination of whether the trial court abused its discretion. *Barnes v. Wells*, 165 N.C. App. 575, 580, 599 S.E.2d 585, 589 (2004). Therefore, a trial court's decision to grant or deny relief pursuant to Rule 60(b) will not be overturned absent an abuse of discretion. *Id.*

Under North Carolina General Statutes section 1A-1, Rule 60,

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;

. . .

(6) Any other reason justifying relief from the operation of the judgment.

N.C. Gen. Stat. § 1A-1, Rule 60(b) (2008). "A 60(b) order does not overrule a prior order but, consistent with statutory authority, relieves parties from the effect of an order." *Charns v. Brown*, 129 N.C. App. 635, 639, 502 S.E.2d 7, 10 (1998) (citation omitted). However, "judgments involving misapplication of the law may be corrected only by appeal and Rule 60(b) motions cannot be used as a

IN RE C.S.B.

[194 N.C. App. 195 (2008)]

substitute for appeal." *Spangler v. Olchowski*, 187 N.C. App. 684, 689, 654 S.E.2d 507, 512 (2007) (citation omitted). Accordingly, we hold the trial court did not err in denying plaintiffs' Rule 60(b) motion.

Dismissed in part and affirmed in part.

Judges WYNN and ARROWOOD concur.