IN THE COURT OF APPEALS OF NORTH CAROLINA

Nos. COA15-385, COA15-422, and COA15-525

Filed:  2 February 2016

Randolph County, No. 12 CVS 1384

AMERICAN MECHANICAL, INC., Plaintiff,

v.

JEFFREY L. BOSTIC, MICHAEL HARTNETT and JOSEPH E. BOSTIC, JR., Defendants.

---

Rockingham County, No. 12 CVS 977

YATES CONSTRUCTION COMPANY, INC., Plaintiff,

v.

JEFFREY L. BOSTIC, MICHAEL HARTNETT and JOSEPH E. BOSTIC, JR., Defendants.

---

Graham County, No. 11 CVS 53

PHILLIPS AND JORDAN, INC., Plaintiff,

v.

JEFFREY L. BOSTIC, MICHAEL HARTNETT and JOSEPH E. BOSTIC, JR., Defendants.

Appeal by plaintiffs from orders entered 8 October 2014 and 9 October 2014 by

Judge Louis A. Bledsoe, III in Randolph County Superior Court, Rockingham County

Superior Court, and Graham County Superior Court. Heard in the Court of Appeals

7 October 2015.

> *McKinney Law Firm, P.A., by Zeyland G. McKinney, Jr., and Stiles Law Office,*
> *PLLC, by Eric W. Stiles, for plaintiffs-appellants.*
>
> *Nexsen Pruet, PLLC, by David S. Pokela and Christine L. Myatt, for defendant-*
> *appellee Jeffrey L. Bostic.*
>
> *Smith Moore Leatherwood LLP, by D. Erik Albright and Matthew Nis Leerberg,*
> *for defendant-appellee Michael Hartnett.*

DAVIS, Judge.

The issue in these three consolidated appeals is whether a party's submission

of a notice of appeal to the North Carolina Business Court ("the Business Court")

through its electronic filing system complies with Rule 3 of the North Carolina Rules

of Appellate Procedure. American Mechanical, Inc., ("American Mechanical"), Yates

Construction Company, Inc. ("Yates Construction"), and Phillips and Jordan, Inc.

("Phillips and Jordan") (collectively "Plaintiffs") appeal from three orders entered by

the Honorable Louis A. Bledsoe, III dismissing each of their appeals. After careful

review, we affirm.

**Factual Background**

These three appeals all arose out of allegations that Bostic Construction, Inc.

("Bostic Construction") and its corporate officers misused and fraudulently

- 2 -

misappropriated loans that the company had obtained in connection with various construction projects. Because the appeals involve common issues of law and fact, we have consolidated them pursuant to Rule 40 of the North Carolina Rules of Appellate Procedure.

Bostic Construction was a construction management company that primarily focused on the development and construction of apartment complexes and other multi-residential dwellings located near college campuses. It relied on subcontractors to supply labor and materials for its construction projects, delegating substantial portions of the construction to its subcontractors while maintaining overall management responsibility for the projects.

In 2003 and 2004, the company's financial well-being began to deteriorate substantially, and in 2005, Bostic Construction was placed into involuntary bankruptcy by its creditors. Plaintiffs are licensed contractors who performed subcontracting work on various apartment projects for Bostic Construction and were each listed as creditors of the company in the bankruptcy proceeding.

Following the settlement of the bankruptcy case, Plaintiffs each filed separate civil complaints against Jeffrey L. Bostic, Joseph E. Bostic, Jr.[1], Melvin Morris, Tyler

---

[1] Plaintiffs' claims against Joseph E. Bostic, Jr. were discontinued by operation of Rule 4(e) of the North Carolina Rules of Civil Procedure based on Plaintiffs' failure to properly serve him with process.

Morris, and Michael Hartnett (collectively "Defendants"), who served as Bostic Construction's corporate officers. In their complaints, Plaintiffs alleged that Defendants had engaged in a "common scheme to commingle, misuse, and misappropriate the construction loans provided to finance the construction projects" at issue by making "preferential payments out of the construction loan proceeds for their own personal benefit" rather than utilizing the loan proceeds to fund the construction costs and pay the subcontractors for labor and materials. Plaintiffs alleged that Defendants had engaged in these practices while Bostic Construction was "on the verge of insolvency so as to amount to a dissolution" of the company. In their complaints, each Plaintiff asserted a constructive fraud claim against Jeffrey L. Bostic and Melvin Morris and an aiding and abetting constructive fraud claim against all Defendants. In its complaint, Phillips and Jordan also brought an unfair trade practices claim against all Defendants.

Each of these lawsuits was designated a mandatory complex business case pursuant to N.C. Gen. Stat. § 7A-45.4 and assigned to the Honorable Calvin E. Murphy. Defendants subsequently filed motions to dismiss each of Plaintiffs' complaints pursuant to Rules 12(b)(1) and (6) of the North Carolina Rules of Civil Procedure.

On 1 June 2012, Judge Murphy entered an order in the action brought by Phillips and Jordan determining that (1) Bostic Construction's bankruptcy settlement did not prevent Phillips and Jordan from bringing its direct claims against the company's officers; (2) Phillips and Jordan's allegations in support of its constructive fraud claim sufficiently stated a claim for relief; (3) its cause of action for aiding and abetting constructive fraud was legally deficient; and (4) its unfair trade practices claim was barred by the statute of limitations.

For these same reasons, Judge Murphy entered orders in the other two actions in January 2013 dismissing the aiding and abetting constructive fraud claims of American Mechanical and Yates Construction and allowing their constructive fraud claims to proceed. Because the claim for aiding and abetting constructive fraud was the only cause of action brought against Tyler Morris and Michael Hartnett, Judge Murphy's orders dismissing this claim effectively removed them as parties from the three lawsuits.

In May 2013, Plaintiffs voluntarily dismissed their constructive fraud claims against Melvin Morris. As a result, Plaintiffs' constructive fraud claims against Jeffrey L. Bostic were the only remaining matters for resolution. On 19 and 20 June 2013, Jeffrey L. Bostic filed motions for summary judgment in each of Plaintiffs' three cases. Judge Murphy heard the motions on 17 December 2013 and in May 2014

entered orders granting summary judgment in his favor with regard to each of the constructive fraud claims asserted against him.

Plaintiffs each submitted a notice of appeal through the Business Court's electronic filing system seeking review of Judge Murphy's orders on the motions to dismiss and motions for summary judgment (collectively "Judge Murphy's Orders"). Plaintiffs did not file their notices of appeal with the clerks of court of the counties where the actions had been filed until approximately three months after the summary judgment orders were entered.

Jeffrey L. Bostic and Michael Hartnett moved to dismiss Plaintiffs' appeals in each of the three cases for failure to comply with the requirements of Rule 3 of the Appellate Rules, and Judge Bledsoe entered orders on 8 and 9 October 2014 (collectively "Judge Bledsoe's Orders") granting the motions and dismissing Plaintiffs' appeals. Plaintiffs filed their notices of appeal from Judge Bledsoe's Orders on 29 October 2014.

## Analysis

### I. Petitions for Certiorari

Our appellate courts have explained on multiple occasions that "[n]o appeal lies from an order of the trial court dismissing an appeal for failure to perfect it within apt time, the proper remedy to obtain review in such case being by petition for writ

of certiorari." *State v. Evans*, 46 N.C. App. 327, 327, 264 S.E.2d 766, 767 (1980); *see also Lightner v. Boone*, 221 N.C. 78, 84, 19 S.E.2d 144, 148 (1942) (concluding that plaintiffs whose appeal was dismissed by trial court based on their failure to take timely action had "followed the proper procedure in noting their exception to the order of the judge striking [their appeal] and applying for a writ of *certiorari*"), *superseded by statute on other grounds as recognized in Matthews v. Watkins*, 91 N.C. App. 640, 650-51, 373 S.E.2d 133, 139 (1988), *aff'd per curiam*, 324 N.C. 541, 379 S.E.2d 857 (1989).

In recognition of this well-established rule and in response to Defendants' motions seeking dismissal of their appeals, Plaintiffs filed petitions for certiorari on 24 July 2015 seeking review by this Court of (1) Judge Bledsoe's Orders dismissing their appeals; and (2) Judge Murphy's Orders ruling on their substantive claims. In our discretion, we elect to grant the petitions for certiorari as they relate to Judge Bledsoe's Orders in order to address the merits of their arguments concerning the dismissal of the appeals and to reiterate the applicability of Appellate Rule 3 to appeals from orders rendered by the Business Court. *See High Point Bank & Trust Co. v. Fowler*, ___ N.C. App. ___, ___, 770 S.E.2d 384, 386-87 (2015) (explaining that in its discretion this Court may grant party's certiorari petition or treat party's appellate brief as petition for certiorari in order to review trial court's order

dismissing appeal); *see also Evans*, 46 N.C. App. at 328-29, 264 S.E.2d at 767-68 ("elect[ing] to treat defendant's attempted appeal in this case as a petition for a writ of certiorari" and ultimately concluding that defendant's appeal "was properly dismissed" by trial court).

However, we deny Plaintiffs' petitions for certiorari in which they seek appellate review of Judge Murphy's Orders. Plaintiffs have offered no actual argument in their appellate briefs as to why Judge Murphy's Orders were erroneous. Instead, Plaintiffs' briefs *solely* address the issue of whether Judge Bledsoe's dismissal of their appeals was proper. Thus, we conclude that because Plaintiffs have failed to make any substantive arguments concerning Judge Murphy's Orders in their appellate briefs, the granting of certiorari to review these orders would be inappropriate. *See State v. Doisey*, ___ N.C. App. ___, ___, 770 S.E.2d 177, 179 (2015) (dismissing defendant's appeal where defendant sought certiorari to obtain appellate review of trial court's ruling refusing to order post-conviction DNA testing but then failed to "bring forward on appeal any argument that the trial court erred in denying his motion for DNA testing"); *see also Craver v. Craver*, 298 N.C. 231, 235-37, 258 S.E.2d 357, 361-62 (1979) (reversing this Court for granting certiorari after defendant's appeal was dismissed by trial court as untimely and then reviewing underlying order from which dismissed appeal was being taken "without benefit of

arguments or briefs" because doing so denied opposing party "the critical opportunity to be heard on the merits of the appeal"). Therefore, the only issue we address below is whether Judge Bledsoe properly dismissed Plaintiffs' appeals based on their failure to comply with Appellate Rule 3.

**II. Application of Rule 3 to Appeals from the Business Court**

Plaintiffs' argument that their appeals were improperly dismissed is foreclosed by our recent decision in *Ehrenhaus v. Baker*, ___ N.C. App. ___, 776 S.E.2d 699 (2015). In *Ehrenhaus*, this Court held that a party's electronic submission of a notice of appeal to the Business Court's electronic filing system is insufficient to satisfy Rule 3's requirement that a litigant seeking to appeal a civil order or judgment must file "notice of appeal with *the clerk of superior court*" within the applicable time periods set forth in subsection (c) of the rule. *Id.* at ___, 776 S.E.2d at 708 (emphasis added).

While the *appellants* in *Ehrenhaus* filed a timely notice of appeal with the clerk of superior court in Mecklenburg County (the county where the action had been filed), *id.* at ___, 776 S.E.2d at 703, the *cross-appellant* — like Plaintiffs in the present case — transmitted a notice of appeal to the Business Court's electronic filing system and did not file the notice of appeal with the Mecklenburg County Clerk of Court until well after the applicable deadline set out in Rule 3 had expired, *id.* at ___, 776 S.E.2d at 708-09. As a result, the Honorable James L. Gale of the Business Court dismissed

the cross-appeal as untimely. *Id.* at \_\_\_, 776 S.E.2d at 709. The cross-appellant

sought certiorari, requesting that we reverse the dismissal of his appeal and arguing

that the electronic notice of appeal with the Business Court was legally sufficient. *Id.*

at \_\_\_, 776 S.E.2d at 709. We disagreed, holding as follows:

> Plaintiff attempted to cross-appeal from Judge
> Murphy's Order . . . . However, Plaintiff did not properly
> give notice of appeal. Instead of filing the notice of appeal
> with the clerk of superior court as required by Rule 3(a) of
> the North Carolina Rules of Appellate Procedure, *see*
> N.C.R. App. P. 3(a) ("Any party entitled by law to appeal
> from a judgment or order of a superior . . . court rendered
> in a civil action . . . may take appeal by filing notice of
> appeal *with the clerk of superior court* and serving copies
> thereof upon all other parties within the time prescribed by
> subsection (c) of this rule." (emphasis added)), the only
> notice of appeal submitted by Plaintiff within the requisite
> time period was filed with the North Carolina Business
> Court using its electronic filing system.

*Id.* at \_\_\_, 776 S.E.2d at 708-09.

Because questions concerning the interplay between the Business Court, its

electronic filing system, and Appellate Rule 3 are now once more before this Court in

these three consolidated cases, we take this opportunity to further explain our

holding in *Ehrenhaus* that a party seeking to appeal an order or judgment rendered

in *any* district or superior court, *including the Business Court*, must file its notice of

appeal with the clerk of court of the county in which the action was filed in order to

establish appellate jurisdiction.

Rule 3 states, in pertinent part, as follows:

> Any party entitled by law to appeal from a judgment or order of a superior or district court rendered in a civil action or special proceeding may take appeal by filing notice of appeal with the clerk of superior court and serving copies thereof upon all other parties within the time prescribed by subsection (c) of this rule.

N.C.R. App. P. 3(a).

Plaintiffs contend that their submission of notices of appeal through the Business Court's electronic filing system was sufficient to confer appellate jurisdiction upon this Court because (1) the Business Court maintains its own electronic filing system that operates independently of a local clerk of court; and (2) by virtue of the General Rules of Practice and Procedure for the North Carolina Business Court ("Business Court Rules"), its litigants are encouraged to transmit all documents and materials by means of the electronic filing system. In support of their argument, Plaintiffs cite Rules 6.4 and 6.6 of the Business Court Rules, which state as follows:

> **6.4 – Notice of Electronic Filing.** Electronic transmission of a paper to the Business Court file server in accordance with these Rules, together with the receipt of a Notice of Electronic Filing automatically generated by the Electronic filing and service system as authorized by the Court, shall constitute filing of the paper with the Business Court for purposes of timing under the North Carolina General Statutes, the North Carolina Rules of Civil Procedure, and the Business Court Rules, and shall

constitute entry of that paper on the Business Court Docket. An electronic filing with the Business Court is deemed complete only upon receipt of such Notice of Electronic Filing by the person filing the paper.

**6.6 – Date and Time of Filing.** When information has been filed electronically, the official information of record is the electronic recording of the information as stored on the Court's file server, and the filing date and time is deemed to be the date and time recorded on the Court's file server for transmission of the Notice of Electronic Filing, which date and time is stated in the body of such Notice. In the event that information is timely filed, the date and time of the electronic filing shall govern the creation or performance of any further right, duty, act, or event required or permitted under North Carolina law or applicable rule, unless the Court rules that the enforcement of such priority on a particular occasion would result in manifest injustice.

B.C.R. 6.4, 6.6.

Plaintiffs contend that — when read together — Rule 6.4 (stating that electronic filing "constitute[s] filing . . . for purposes of timing under the North Carolina General Statutes, the North Carolina Rules of Civil Procedure, and the Business Court Rules") and Rule 6.6 (providing that "the filing date and time is deemed to be the date and time recorded on the Court's file server for transmission of the Notice of Electronic Filing") "govern[ ] for purposes of the creation and performance of any further right or act permitted under North Carolina law, such as the act of taking an appeal."

- 12 -

However, it is the Rules of Appellate Procedure — not the Business Court Rules — that establish the mandatory procedures for taking an appeal. *See State v. Berryman*, 360 N.C. 209, 214, 624 S.E.2d 350, 355 (2006) ("The Rules of Appellate Procedure govern in *all* appeals from the courts of the trial division to the courts of the appellate division." (citation, quotation marks, and ellipses omitted and emphasis added)). The Business Court *is a superior court* and its orders are, therefore, "order[s] of a superior . . . court rendered in a civil action" for purposes of Rule 3. N.C.R. App. P. 3(a).

Pursuant to N.C. Gen. Stat. § 7A-45.4, any party may designate an action as a mandatory complex business case if it involves a material issue concerning securities, antitrust law, trademark law, intellectual property, trade secrets, the law governing corporations and limited liability companies, or certain contract disputes between business entities. N.C. Gen. Stat. § 7A-45.4(a) (2013). If such a designation is preliminarily approved by the Chief Justice, the matter is designated and administered as a complex business case and "[a]ll proceedings in the action shall be before the Business Court Judge to whom it has been assigned." N.C. Gen. Stat. § 7A-45.4(f). The Chief Justice holds the authority to designate certain special superior court judges to preside over these complex business cases. N.C. Gen. Stat. § 7A-45.3

(2013). Pursuant to this statute, "[a]ny judge so designated shall be known as a Business Court Judge and shall preside in the Business Court." *Id.*

Thus, while the Business Court is tasked with the adjudication of cases involving specialized subject matters by judges who have been designated for this purpose, it remains a part of the superior court division of the General Court of Justice. *See Estate of Browne v. Thompson*, 219 N.C. App. 637, 640, 727 S.E.2d 573, 576 (2012) ("The Business Court is a special Superior Court . . . ."), *disc. review denied*, 366 N.C. 426, 736 S.E.2d 495 (2013); *see also Bottom v. Bailey*, ___ N.C. App. ___, ___, 767 S.E.2d. 883, 889 (2014) (same). A matter may be designated for adjudication by the Business Court, but cases are not originally filed there. Instead, they are filed with the clerk of court in the county in which the action arose. N.C. Gen. Stat. § 7A-45.4(b). Moreover, once a matter has been designated as a complex business case, the clerk of court still maintains the case file. Therefore, unless and until the Appellate Rules are amended to provide otherwise, the orders of the Business Court — just like the orders of any other superior court — must be appealed through the filing of a notice of appeal with the applicable clerk of court in accordance with the procedures set out in Rule 3.

Plaintiffs attempt to draw an analogy between the Business Court and the North Carolina Industrial Commission, arguing that just as appeals from the

Industrial Commission do not require the filing of a notice of appeal with the clerk of court in the county where the matter arose, no such requirement exists for a party appealing an order from the Business Court. Plaintiffs' argument ignores, however, the fact that the Industrial Commission — unlike the Business Court — is an administrative agency rather than a court of justice. *See Letterlough v. Akins*, 258 N.C. 166, 168, 128 S.E.2d 215, 217 (1962) ("The Industrial Commission is not a court of general jurisdiction. It is an administrative board with quasi-judicial functions . . . ."). Accordingly, the taking of an appeal from a ruling of the Industrial Commission is governed not by Appellate Rule 3 but rather by Appellate Rule 18. *See* N.C.R. App. P. 18 (setting forth requirements for taking appeal "from administrative agencies, boards, or commissions"); *Strezinski v. City of Greensboro*, 187 N.C. App. 703, 710, 654 S.E.2d 263, 267-68 (2007) (rejecting party's argument that appeal from Industrial Commission was untimely under Rule 3 and explaining that "[t]his is not a civil case; this is a direct appeal from an administrative agency. As such, it is governed by Rule 18 . . . ."), *disc. review denied*, 362 N.C. 513, 668 S.E.2d 783 (2008).

Having determined that Plaintiffs' appeals were subject to Rule 3, the only remaining question is whether Plaintiffs' failure to comply with Rule 3 mandated dismissal of the appeals rather than some lesser sanction. As our Supreme Court explained in *Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.*, 362 N.C. 191, 657

S.E.2d 361 (2008), "rules of procedure are necessary in order to enable the courts properly to discharge their duty of resolving disputes," and consequently, "failure of the parties to comply with the rules, and failure of the appellate courts to demand compliance therewith, may impede the administration of justice." *Id.* at 193, 657 S.E.2d at 362 (citation, quotation marks, brackets, and ellipses omitted). In *Dogwood* — our Supreme Court's most recent and comprehensive discussion of "the manner in which the appellate courts should address violations of the appellate rules" — the Court noted three categories of violations under the Appellate Rules: "(1) waiver occurring in the trial court; (2) defects in appellate jurisdiction; and (3) violation of nonjurisdictional requirements." *Id.* at 193-94, 657 S.E.2d at 362-63.

While noting that plain error review or Rule 2 may in exceptional circumstances cure a party's waiver of an issue in the trial court and that generally a party's nonjurisdictional rule violations should not lead to the dismissal of an appeal, the Supreme Court explained that a jurisdictional rule violation, conversely, "precludes the appellate court from acting in any manner other than to dismiss the appeal." *Id.* at 197, 657 S.E.2d at 365.

> It is axiomatic that courts of law must have their power properly invoked by an interested party. . . . The appellant's compliance with the jurisdictional rules governing the taking of an appeal is the linchpin that connects the appellate division with the trial division and confers upon the appellate court the authority to act in a particular case.

*Id.* at 197, 657 S.E.2d at 364-65 (internal citations omitted).

Rule 3 is a jurisdictional rule. *See Bailey v. State*, 353 N.C. 142, 156, 540 S.E.2d 313, 322 (2000) ("In order to confer jurisdiction on the state's appellate courts, appellants of lower court orders must comply with the requirements of Rule 3 of the North Carolina Rules of Appellate Procedure."). Thus, because (1) Rule 3 applies to appeals from orders issued by the Business Court; and (2) a party's compliance with Rule 3 is necessary to establish appellate jurisdiction, Judge Bledsoe properly dismissed Plaintiffs' appeals based on their failure to file timely notices of appeal with the clerks of court in the counties in which the cases were filed. *See Wallis v. Cambron*, 194 N.C. App. 190, 192, 670 S.E.2d 239, 241 (2008) (dismissing plaintiffs' appeal "for failure to timely file a notice of appeal pursuant to the North Carolina Rules of Appellate Procedure, Rule 3(c)").[2]

## Conclusion

---

[2] In their alternative argument, Plaintiffs contend that even if the "filing [of their notices of appeal] in the Business Court was inadequate, the time for filing the notice in the proper forum was tolled by Defendant's failure to serve the Order and attach a proper certificate of service" such that their belated filing of notices of appeal with the respective clerks of court was timely under Rule 3. Here, however, the Business Court served Judge Bledsoe's Orders on the parties. *See E. Brooks Wilkins Family Med., P.A. v. WakeMed*, ___ N.C. App. ___, ___, ___ S.E.2d ___, ___, slip op. at 8-9 (filed Jan. 5, 2016) (No. COA15-217) (holding that trial courts possess authority to serve their own orders on the parties to the case). Moreover, Plaintiffs admit that they had actual notice of the orders within three days of their entry. *See id.* at ___, ___ S.E.2d at ___, slip op. at 11 ("[A] litigant's actual notice of a final order within three days of its entry triggers [Appellate] Rule 3(c) and notice of appeal must be filed within thirty days of the date of entry."). Thus, we reject Plaintiffs' alternative argument.

For the reasons stated above, we affirm the orders entered by Judge Bledsoe dismissing Plaintiffs' appeals.

AFFIRMED.

Judges STEPHENS and STROUD concur.