Plasman v. Decca Furniture (USA), Inc., 2016 NCBC 48.

STATE OF NORTH CAROLINA

CATAWBA COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
12 CVS 2832

CHRISTIAN G. PLASMAN, in his
individual capacity and derivatively for
the benefit of, on behalf of and right of
nominal party BOLIER & COMPANY,
LLC,

        Plaintiff,

v.

DECCA FURNITURE (USA), INC.,
DECCA CONTRACT FURNITURE,
LLC, RICHARD HERBST, WAI THENG
TIN, TSANG C. HUNG, DECCA
FURNITURE, LTD., DECCA
HOSPITALITY FURNISHINGS, LLC,
DONGGUAN DECCA FURNITURE CO.
LTD., DARREN HUDGINS, DECCA
HOME, LLC, and ELAN BY DECCA,
LLC,

        Defendants,

and BOLIER & COMPANY, LLC,

        Nominal Defendant,

v.

CHRISTIAN J. PLASMAN a/k/a
BARRETT PLASMAN,

        Third-Party
Defendant.

ORDER ON DEFENDANTS' MOTION
TO DISMISS PORTIONS OF APPEAL
THAT ARE UNTIMELY

{1}  **THIS MATTER** is before the Court upon Defendants Decca Furniture (USA), Inc., Decca Contract Furniture, LLC, Decca Hospitality Furnishings, LLC, Decca Home, Elan by Decca, LLC, Richard Herbst, Darren Hudgins, Wai Theng Tin, and nominal defendant Bolier & Company, LLC's (collectively, "Defendants") Motion to Dismiss Portions of Appeal that Are Untimely (the "Motion") in the above-captioned case.  Pursuant to Business Court Rule 15.4, the Court considers the Motion on the briefs, without hearing or oral argument.  Having considered the

Motion, the briefs in support of and in opposition to the Motion, and the matters of record reflected in the Court's docket, the Court **GRANTS in part** and **DENIES in part** the Motion as explained below.

> *Law Offices of Matthew K. Rogers, PLLC, by Matthew K. Rogers, for Plaintiff Christian G. Plasman, and Third-Party Defendant Christian J. Plasman a/k/a Barrett Plasman.*

> *McGuireWoods LLP, by Robert A. Muckenfuss, Jodie H. Lawson, Andrew D. Atkins, and Elizabeth Zwickert Timmermans, for Defendants Decca Furniture (USA), Inc., Decca Contract Furniture, LLC, Richard Herbst, Wai Theng Tin, Tsang C. Hung, Decca Furniture, Ltd., Decca Hospitality Furnishings, LLC, Dongguan Decca Furniture Co. Ltd., Darren Hudgins, Decca Home, LLC, Elan by Decca, LLC, and Nominal Defendant Bolier & Company, LLC.*

Bledsoe, Judge.

## I.

## BACKGROUND AND PROCEDURAL HISTORY

{2} On February 26, 2016, the Court entered a civil contempt order (the "Contempt Order") finding Plaintiff Christian G. Plasman ("Plaintiff" or "Chris Plasman") and Third-Party Defendant Christian J. Plasman a/k/a Barrett Plasman ("Barrett Plasman") (together with Chris Plasman, the "Plasmans") in civil contempt of court for willfully violating this Court's May 26, 2015 Order and Opinion (the "May 26 Order").[1] The Plasmans filed a Notice of Appeal on March 24, 2016, twenty-seven days after the Court entered the Contempt Order.

{3} The Plasmans' Notice of Appeal specifically seeks to appeal seven of the Court's orders:

> a. The February 4, 2015 Order and Notice of Hearing (the "February 4 Order");

---

[1] The Contempt Order and the May 26 Order each provide further factual and procedural details of this case. The May 26 Order is reported at *Bolier & Co., LLC v. Decca Furniture (USA), Inc.*, 2015 NCBC LEXIS 55 (N.C. Super. Ct. May 26, 2015). The Contempt Order is reported at *Plasman v. Decca Furniture (USA), Inc.*, 2016 NCBC LEXIS 20 (N.C. Super. Ct. Feb. 26, 2016).

b. The August 25, 2015 Order and Opinion on Stay Pending Appeal (the "August 25 Order");

c. The October 2, 2015 Amended Order and Opinion on Stay Pending Appeal (the "Order Amending the August 25 Order");

d. The October 26, 2015 Order and Opinion on the Plasmans' Motion to Clarify August 25, 2015 Order (the "Order Clarifying the August 25 Order");

e. The January 5, 2016 Show Cause Order and Notice of Hearing (the "Show Cause Order");

f. The January 27, 2016 Order on Plaintiff's and Third Party Defendant's Objection to Show Cause Production, Notice of Conditional Intent to Comply with Show Cause, and Request for Clarification (the "Clarification of the Show Cause Order") (collectively, the orders identified in subparts (a) through (f) of this paragraph shall be referred to as the "Challenged Orders"); and

g. The Contempt Order.

{4}    As stated in their response brief, Defendants move the Court to dismiss the appeal of the Challenged Orders as untimely pursuant to North Carolina Rule of Appellate Procedure 3. Defendants do not seek to dismiss the appeal of the Contempt Order. The Plasmans argue in response that the Court lacks the authority to dismiss the present appeal and that their appeal is nevertheless proper under N.C. Gen. Stat. § 1-278.

II.

ANALYSIS

{5}    Under Rule 3 of the North Carolina Rules of Appellate Procedure, a "party entitled by law to appeal from a judgment or order of a superior or district court rendered in a civil action" must file its notice of appeal within thirty days after entry of judgment. N.C. R. App. P. 3(a), (c). All of the Challenged Orders were entered more than thirty days before the Plasmans filed their March 24, 2016 Notice of Appeal. In fact, the most recent of the Challenged Orders was entered on

January 27, 2016, fifty-seven days before the Notice of Appeal was filed. Therefore, the Challenged Orders are untimely pursuant to Appellate Rule 3.

{6} Appellate Rule 25 grants the trial court jurisdiction, upon motion and "prior to the filing of an appeal in an appellate court," to dismiss an appeal if a party "after giving notice of appeal . . . shall fail within the times allowed by these rules or by order of court to take any action required to present the appeal for decision." N.C. R. App. P. 25(a). "Filing of an appeal in an appellate court" means docketing of the appeal, which occurs when the appellant files the record on appeal with the clerk of the appellate court and pays the docket fee or proceeds *in forma pauperis*. *See Carter v. Clements Walker, PLLC*, 2014 NCBC LEXIS 12, at \*7–8 (N.C. Super. Ct. Apr. 30, 2014) (collecting cases and interpreting N.C. R. App. P. 12[2]). The Court of Appeals has specifically construed Rule 25 to "allow[] the trial court to dismiss an appeal if the appellant failed to give notice of appeal within the time allowed by the Appellate Rules," including Rule 3(c). *Landingham Plumbing & Heating, Inc. v. Funnell*, 102 N.C. App. 814, 815, 403 S.E.2d 604, 604–05 (1991).

{7} The Plasmans acknowledge in their response brief that they have not yet filed the record on appeal with the clerk of the appellate court. (Plasman Resp. Opp. Mot. Dismiss Appeal 4.) On July 1, 2016, the Court, upon the Plasmans' motion, granted the Plasmans an extension of time through July 15, 2016 to settle the record on appeal, and the Court's review of the Court of Appeals' public electronic docket indicates that the record on appeal has not been tendered as of the date of this Order and Opinion. Therefore, the Court concludes that the Plasmans have not docketed their appeal, and the Court retains jurisdiction to consider Defendants' Motion under Appellate Rule 25(a). Because the Plasmans failed to give notice of appeal of the Challenged Orders within the thirty-day period provided in Appellate Rule 3(c), the Court has the authority to dismiss the appeal of each of the Challenged Orders.

---

[2] Appellate Rule 12(a) concerns the time for filing the record on appeal; Appellate Rule 12(b) sets forth the steps required to docket the appeal.

{8}     This Court has previously stated that "the trial court is held to a strict construction of Appellate Rule 3." *Ehrenhaus v. Baker*, 2014 NCBC LEXIS 30, at *10 (N.C. Super. Ct. July 16, 2014), *cert. denied and appeal dismissed*, 776 S.E.2d 699 (N.C. Ct. App. 2015). The trial court must apply Rule 3 strictly because "Rule 3 is a jurisdictional rule" and "a party's compliance with Rule 3 is necessary to establish appellate jurisdiction." *Am. Mech., Inc. v. Bostic*, 782 S.E.2d 344, 350 (N.C. Ct. App. 2016). In *American Mechanical*, the Court of Appeals affirmed this Court's dismissal of the plaintiffs' appeals for failure to comply with Appellate Rule 3. *Id.* In so ruling, the Court of Appeals relied on North Carolina Supreme Court precedent explaining that "a jurisdictional rule violation [of the North Carolina Rules of Appellate Procedure] . . . 'precludes the appellate court from acting in any manner other than to dismiss the appeal.'" *Id.* (quoting *Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.*, 362 N.C. 191, 197, 657 S.E.2d 361, 362–63 (2008)). Therefore, the Court concludes that the Challenged Orders are generally subject to dismissal under Appellate Rules 3 and 25.

{9}     Despite the above, the Plasmans argue that its attempt to appeal the Challenged Orders is not untimely because the Challenged Orders were non-appealable interlocutory orders, which they contend are now appropriately noticed for appeal. The statute allowing for the appeal of interlocutory orders provides that "[u]pon an appeal from a judgment, the court may review an intermediate order involving the merits and necessarily affecting the judgment." N.C. Gen. Stat. § 1-278. Review under N.C. Gen. Stat. § 1-278 "is proper under the following conditions: (1) the appellant must have timely objected to the order; (2) the order must be interlocutory and not immediately appealable; and (3) the order must have involved the merits and necessarily affected the judgment." *Brooks v. Wal-Mart Stores, Inc.*, 139 N.C. App. 637, 641, 535 S.E.2d 55, 59 (2000) (quotation omitted).

{10}    Defendants challenge the applicability of section 1-278 only on the ground that the Challenged Orders do not involve the merits or affect the judgment. An order involves the merits and affects the judgment if it "deprives the appellant of one of the appellant's substantive legal claims." *Yorke v. Novant Health, Inc.*, 192

N.C. App. 340, 348, 666 S.E.2d 127, 133 (2008). The Court of Appeals has also stated that an order that "substantially decide[s] the primary issues in contention" involves the merits and necessarily affects the judgment. *Tinajero v. Balfour Beatty Infrastructure, Inc.*, 233 N.C. App. 748, 758, 758 S.E.2d 169, 176 (2014).

{11} The Court agrees that several of the Challenged Orders do not involve the merits and do not necessarily affect the Court's Contempt Order. The February 4 Order does not involve the merits because it decided unrelated motions prior to both the May 26 Order and the Contempt Order.

{12} Likewise, the August 25 Order, the Order Amending the August 25 Order, and the Order Clarifying the August 25 Order do not involve the merits or necessarily affect the Contempt Order. The August 25 Order and the two related orders addressed the question of whether this action should proceed or be stayed following the Plasmans' appeal of the May 26 Order. The merits of those orders involved jurisdictional questions rather than whether the Plasmans were in willful violation of the May 26 Order. The Plasmans' appeal of the May 26 Order does not necessarily mean, as the Plasmans argue, that every substantive order issued by this Court between the May 26 Order and the Contempt Order involves the merits and affects the Contempt Order. *See, e.g.*, *Beall v. Beall*, 290 N.C. 669, 680, 228 S.E.2d 407, 413–14 (1976) (quoting *Joyner v. Joyner*, 256 N.C. 588, 591, 124 S.E.2d 724, 727 (1962)) ("[T]aking an appeal does not authorize a violation of the order.").

{13} The Show Cause Order and the Clarification of the Show Cause Order, on the other hand, arguably involve the merits of and affect the Contempt Order. The Show Cause Order was necessary to the Court's finding of civil contempt. N.C. Gen. Stat. § 5A-23(a) ("Proceedings for civil contempt are . . . by the order of a judicial official directing the alleged contemnor to appear at a specified reasonable time and show cause why he should not be held in civil contempt.") Furthermore, because the Show Cause Order and the Clarification of the Show Cause Order deal with the facts underlying the Court's finding of contempt and the procedure employed by the Court in holding the Plasmans in contempt, those intermediate orders are more logically reviewed together with the Contempt Order than as part of an appeal of a

final judgment in this action. For those reasons, the Court declines to conclude that those motions are not reviewable under N.C. Gen. Stat. § 1-278.

III.

CONCLUSION

{14} For the foregoing reasons, the Court hereby **GRANTS in part** and **DENIES in part** the Motion:

    a. The Motion is **GRANTED**, and the Plasmans' appeal of the following orders is hereby **DISMISSED**:

        i. The February 4, 2015 Order and Notice of Hearing;

        ii. The August 25, 2015 Order and Opinion on Stay Pending Appeal;

        iii. The October 2, 2015 Amended Order and Opinion on Stay Pending Appeal; and

        iv. The October 26, 2015 Order and Opinion on the Plasmans' Motion to Clarify August 25, 2015 Order.

    b. Except as provided above, the Motion is **DENIED**, and the Court declines to dismiss the Plasmans' appeal of the following orders:

        i. The January 5, 2016 Show Cause Order and Notice of Hearing; and

        ii. The January 27, 2016 Order on Plaintiff's and Third Party Defendant's Objection to Show Cause Production, Notice of Conditional Intent to Comply with Show Cause, and Request for Clarification.

    **SO ORDERED**, this the 7th day of July, 2016.


                        /s/ Louis A. Bledsoe, III
                        Louis A. Bledsoe, III
                        Special Superior Court Judge
                         for Complex Business Cases