ALC Mfg., Inc. v. J. Streicher & Co., 2020 NCBC 55.

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

ALC MANUFACTURING, INC. d/b/a
Rocky Ridge Custom Trucks,

Plaintiff,

v.

J. STREICHER & CO., LLC; and
BBP BANDENIA, PLC,

Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
19 CVS 1317

**ORDER AND OPINION ON
PLAINTIFF'S MOTION TO DISMISS
BANDENIA'S NOTICE OF APPEAL
OF MAY 20, 2020 ORDER**

1.    **THIS MATTER** is before the Court on Plaintiff's Motion to Dismiss Defendant BBP Bandenia, PLC's ("Bandenia") Notice of Appeal (the "Motion") filed June 29, 2020 in the above-captioned case.  (ECF No. 64.)

2.    Having considered the Motion, the materials submitted in support of the Motion, and other appropriate matters of record, the Court hereby **GRANTS** the Motion for the reasons set forth below.

> *James, McElroy & Diehl, P.A., by Adam L. Ross, Jennifer M. Houti, and Christopher T. Hood, for Plaintiff ALC Manufacturing Inc. d/b/a Rocky Ridge Custom Trucks.*
>
> *Carnes Warwick, PLLC, by Jonathan A. Carnes, for Defendant BBP Bandenia, PLC.*
>
> *Everett Gaskins Hancock LLP, by James M. Hash, for Defendant J. Streicher & Co., LLC.*

Bledsoe, Chief Judge.

## I.

## PROCEDURAL BACKGROUND

3. Plaintiff filed its Complaint initiating this action on January 22, 2019, (Compl., ECF No. 3), asserting various claims against Defendant J. Streicher & Co., LLC ("Streicher"), (Compl. ¶¶ 66–93), and a single claim for breach of contract against Bandenia, (Compl. ¶¶ 94–99), a company organized and based in the United Kingdom, (Compl. ¶ 3). To support its claim against Bandenia, Plaintiff alleged that Plaintiff, Bandenia, and Streicher entered into a valid and enforceable settlement agreement (the "Settlement Agreement") "supported by valid and adequate consideration," (Compl. ¶ 95), that required, among other things, Bandenia and other parties to pay Plaintiff $850,000, (Compl. ¶¶ 58–59, Ex. 1). Plaintiff averred that Bandenia paid only $200,000 under the Settlement Agreement. (Compl. ¶¶ 61, 64–65.)

4. This action was designated as a mandatory complex business case by Order of the Chief Justice on February 6, 2019, (ECF No. 1), and assigned to the undersigned on the same day, (ECF No. 2).

5. Plaintiff served a copy of the Summons and Complaint on Bandenia on January 24, 2019 and again on February 15, 2019. (Aff. Service Def. Bandenia, ECF No. 24.) Bandenia never filed a notice of appearance, any type of responsive pleading, or any other document with the Court or the Mecklenburg County Clerk of Superior Court until 2020, after judgment had been entered against it.

6.      On April 11, 2019, Plaintiff filed a verified motion for entry of default and default judgment, which counsel for Plaintiff served on Bandenia by mail in London, United Kingdom.  (ECF No. 26.)

7.      On April 30, 2019, the Court entered default against Bandenia under Rule 55(a) of the North Carolina Rules of Civil Procedure ("Rule(s)").  (ECF No. 32.)  The Court subsequently entered default judgment against Bandenia on June 4, 2019 in the total amount of $658,951.80 (the "Default Judgment"), (Order Pl.'s Verified Mot. Default J., ECF No. 33), which Plaintiff served on Bandenia in London on June 11, 2019, (ECF No. 34).

8.      The Court specifically found in the Default Judgment that "the [Settlement] Agreement represented a valid contract between Plaintiff and Bandenia[,]" "Bandenia materially breached the [Settlement] Agreement by failing to pay the remaining principal of $650,000 and interest owed pursuant to that agreement[,]" and "Plaintiff's Complaint thus states a claim for breach of contract against Bandenia."  (Order Pl.'s Verified Mot. Default J. ¶ 17.)

9.      On January 17, 2020—seven months and thirteen days after the Default Judgment was entered against Bandenia—Bandenia filed the Motion to Set Aside Default, for Relief from Judgment, and to Stay Enforcement ("Motion to Set Aside Default").  (ECF No. 41.)  The sole argument Bandenia ultimately elected to advance in support of the Motion to Set Aside Default asserted that the underlying contract on which the Default Judgment was based was not supported by consideration.  (Def.

Bandenia's Mem. Supp. Mot. Set Aside Default, Relief J., & Stay Enforcement, ECF No. 59.)

10. On May 20, 2020, the Court entered and electronically filed its Order and Opinion denying Bandenia's Motion to Set Aside Default (the "May 20 Order"). (Order & Op. Def. BBP Bandenia, PLC's Mot. Set Aside Default, Relief J., & Stay Enforcement, ECF No. 62.) The Court denied Bandenia's Motion to Set Aside Default for three separate reasons. First, North Carolina law requires Bandenia to challenge the Default Judgment for lack of consideration through a properly-noticed appeal, not a motion under Rule 60(b). Second, Bandenia failed to bring the Motion within a reasonable time under Rule 60(b), delaying more than seven months after the Default Judgment was entered. Finally, Bandenia's contention that Plaintiff failed to allege consideration to support the Settlement Agreement ignored Plaintiff's allegations of just that (assuming without deciding that consideration was required to be alleged in the first place). (Order & Op. Def. BBP Bandenia, PLC's Mot. Set Aside Default, Relief J., & Stay Enforcement 8–15.)

11. The May 20 Order is a final determination of the rights between the remaining parties to this action[1] and thus constitutes a final judgment under Rule 54.[2]

---

[1] Plaintiff voluntarily dismissed all of its claims against Streicher with prejudice on July 8, 2019. (ECF No. 38.)

[2] Alternatively, the May 20 Order is an appealable interlocutory order because it discontinued this action. *See* N.C.G.S. 7A-27(a)(3)(c) (permitting appeal from any interlocutory order of the Business Court that "[d]iscontinues the action").

12. On June 19, 2020, Bandenia electronically filed with this Court its Notice of Appeal of the May 20 Order to the North Carolina Court of Appeals (the "Appeal"). (Notice Appeal, ECF No. 63.)

13. The Notice of Appeal states in full:

> The Defendants BBP Bandenia, PLC, through undersigned counsel, pursuant to Rule 58 of North Carolina Rules of Civil Procedure and Rule 3 of the North Carolina Rules of Appellate Procedure, hereby enter their Notice of Appeal to the North Carolina Court of Appeals from the Judgment signed by Chief Business Court Judge Louis Bledsoe, III on May 20, 2020, and filed in the above-captioned case by the Court on May 20, 2020.
>
> This the 19th day of June 2020.

(Notice Appeal.)

14. The Motion seeks the dismissal of Bandenia's Notice of Appeal on two grounds: (i) that Bandenia failed to timely file the Notice of Appeal with the Mecklenburg County Clerk of Superior Court as required under Rule 3(a) of the North Carolina Rules of Appellate Procedure (the "Appellate Rule(s)"), thus requiring dismissal of the Appeal under Appellate Rule 25, and (ii) that Bandenia improperly appealed to the North Carolina Court of Appeals rather than the correct appellate court, the Supreme Court of North Carolina, as required by N.C.G.S. §§ 7A-27(a)(2) and 7A-27(a)(3). (Pl.'s Mot. Dismiss Notice Appeal, ECF No. 64; Pl.'s Mem. Law Supp. Mot. Dismiss Notice Appeal 2–5, ECF No. 65.) Bandenia did not file a response to the Motion, and the period for Bandenia's response has now expired.

15. The Court elects to decide the Motion without a hearing as permitted under Business Court Rule ("BCR") 7.4. *See Justice v. Mission Hosp., Inc.*, 2019 NCBC LEXIS 37, at *5 (N.C. Super. Ct. June 5, 2019).

II.

ANALYSIS

16. As explained below, the Court agrees with Plaintiff that Bandenia's Notice of Appeal was both untimely and jurisdictionally defective and must therefore be dismissed.

A.    Jurisdiction

17. The Court first addresses its jurisdiction to consider the Motion.

18. Appellate Rule 25(a) states, in relevant part:

> If after giving notice of appeal from any court, . . . the appellant shall fail within the times allowed by these rules or by order of court to take any action required to present the appeal for decision, the appeal may on motion of any other party be dismissed. *Prior to the filing of an appeal in an appellate court, motions to dismiss are made to the court . . . from which appeal has been taken*; after an appeal has been filed in an appellate court, motions to dismiss are made to that court.

N.C. R. App. P. 25(a) (emphasis added).

19. This Court has previously recognized that

> [d]ecisions of the North Carolina Court of Appeals indicate that the 'filing of an appeal in an appellate court' means docketing of the appeal, which occurs when the appellant files the record on appeal with the clerk of the appellate court and pays the docket fee or proceeds *in forma pauperis*.

*Carter v. Clements Walker PLLC*, 2014 NCBC LEXIS 12, at *7 (N.C. Super. Ct. Apr. 30, 2014). Thus, until an appeal is docketed, the trial court retains jurisdiction to

decide a motion to dismiss a notice of appeal as improperly filed. *See, e.g., Craver v. Craver*, 298 N.C. 231, 237 n.6, 258 S.E.2d 357, 361 n.6 (1979) ("[U]ntil a record on appeal is filed and docketed, there is nothing pending before the appellate division."); *Ehrenhaus v. Baker*, 243 N.C. App. 17, 31–33, 776 S.E.2d 699, 708–09 (2015) (dismissing appeal from a Business Court order that dismissed an earlier appeal as untimely for failure to file notice of appeal with clerk of superior court within timeline established by Appellate Rule 3); *Carter*, 2014 NCBC LEXIS 12, at *10 (concluding that "when an appeal has not yet been docketed with the appellate court, the trial court retains jurisdiction over the case and may determine whether a Notice of Appeal was timely filed").

20. It is undisputed that Bandenia's appeal has not yet been docketed with either the North Carolina Court of Appeals or the Supreme Court of North Carolina. Thus, the Court concludes that it may properly consider the Motion and determine whether the Notice of Appeal was properly filed.

B. <u>Failure to Timely File the Notice of Appeal</u>

21. Under Appellate Rule 3, a notice of appeal must be "fil[ed] . . . with the clerk of superior court" "within thirty days after entry of judgment if the party has been served with a copy of the judgment within the three-day period prescribed by Rule 58 of the Rules of Civil Procedure[.]" N.C. R. App. P. 3(a), (c)(1).

22. Here, the May 20 Order was served upon entry and filing through the Business Court's electronic filing system on May 20, 2020. *See* BCR 3.8 ("The issuance by the electronic-filing system of a Notice of Filing for any order, decree, or

judgment constitutes entry and service of the order, decree, or judgment for purposes of Rule 58 of the Rules of Civil Procedure."); *see also E. Brooks Wilkins Family Med., P.A. v. WakeMed*, 244 N.C. App. 567, 572, 784 S.E.2d 178, 182 (2016) (holding that "the trial court has the inherent authority to serve its own orders"); *Am. Mech., Inc. v. Bostic*, 245 N.C. App. 133, 143 n.2, 782 S.E.2d 344, 350 n.2 (2016) (finding that the Business Court's service of its order upon the parties triggered the thirty-day appeal deadline under Appellate Rule 3(c)); *Carter*, 2014 NCBC LEXIS 12, at *11 (noting the parties agreed that "judgment was entered by the court and served upon them . . . when the court electronically filed its Order and Opinion and the electronic filing system issued a Notice of Entry").

23. Thus, under Appellate Rule 3(c), Bandenia was permitted to file its Notice of Appeal with the Mecklenburg County Clerk of Superior Court thirty days from May 20, 2020 (i.e., until June 19, 2020).[3] This Bandenia indisputably failed to do.

24. Although Bandenia electronically filed its Notice of Appeal on the Business Court's docket on June 19, 2020, this method of filing does not satisfy the requirements of Appellate Rule 3(c). *See Ehrenhaus*, 243 N.C. App. at 31–33, 776 S.E.2d at 708–09; *see also Bostic*, 245 N.C. App. at 138, 782 S.E.2d at 347 (same).

---

[3] In light of the continuing pandemic, the Chief Justice of the Supreme Court of North Carolina issued an Order on May 30, 2020 (the "May 30 Order") extending the deadline to June 30, 2020 to file a notice of appeal originally due between March 13, 2020 and June 1, 2020. Bandenia's June 19, 2020 appeal deadline falls after the May 30 Order's applicable time period. Therefore, the May 30 Order does not apply to extend Bandenia's appeal deadline. The Chief Justice's May 30, 2020 Order may be accessed at the following link: https://www.nccourts.gov/assets/news-uploads/30%20May%202020%207A-39%28b%29%281%29%20Order.pdf?hh9EozpP4op0dXTP0UHUWoBZUlWmHXLh.

25. Binding precedent prevents the Court from waiving or otherwise excusing Bandenia's failure to comply with Appellate Rule 3. *See Wallis v. Cambron*, 194 N.C. App. 190, 193, 670 S.E.2d 239, 241 (2008) ("The provisions of [Appellate] Rule 3 are jurisdictional, and failure to follow the requirements thereof requires dismissal of an appeal." (quoting *Abels v. Renfro Corp.,* 126 N.C. App. 800, 802, 486 S.E.2d 735, 737 (1997))); *see also Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.*, 362 N.C. 191, 197, 657 S.E.2d 361, 365 (2008) ("A jurisdictional default, therefore, precludes the appellate court from acting in any manner other than to dismiss the appeal.").

26. Thus, Bandenia's failure to timely file the Notice of Appeal with the Mecklenburg County Clerk of Superior Court requires dismissal of the Appeal.

C. <u>Failure to File the Notice of Appeal with the Proper Appellate Court</u>

27. Bandenia's Notice of Appeal must also be dismissed for the separate and independent reason that Bandenia failed to file the Notice of Appeal with the proper appellate court. Sections 7A-27(a)(2) and 7A-27(a)(3) require that an appeal from a final judgment or an interlocutory order that discontinues an action in a case designated as a mandatory complex business case after October 1, 2014 must be filed with the Supreme Court of North Carolina. *See* Business Court Modernization Act, S.L. 2014-102, §§ 1, 9, 2014 N.C. Sess. Laws 102; *see also Zloop, Inc. v. Parker Poe Adams & Bernstein, LLP*, 2018 NCBC LEXIS 40, at *4 (N.C. Super. Ct. Apr. 30, 2018) (noting that the North Carolina Court of Appeals "does not have jurisdiction over final orders in cases designated to this Court on or after October 1, 2014" (citing

*Christenbury Eye Center, P.A. v. Medflow, Inc.*, 246 N.C. App. 237, 783 S.E.2d 264, 266 (N.C. App. 2016), *aff'd* 370 N.C. 1, 802 S.E.2d 888 (2017))).

28. This action was designated as a mandatory complex business case on February 6, 2019. Therefore, sections 7A-27(a)(2) and 7A-27(a)(3) required the appeal of any final judgment or order discontinuing the action in this case to be filed with the Supreme Court of North Carolina. Bandenia, however, appealed the May 20 Order to the North Carolina Court of Appeals, not the Supreme Court. (*See* Notice Appeal.)

29. Because Bandenia appealed the May 20 Order to the wrong appellate court, the Court must dismiss Bandenia's Notice of Appeal on this separate, additional ground. *See Zloop*, 2018 NCBC LEXIS 40, at *4–5 (concluding that while appellate courts may have discretion to excuse a notice of appeal's noncompliance with Appellate Rule 3, the Business Court "does not have authority to excuse the Notice's failure to comply with [Appellate] Rule 3" and "is required to strictly construe [Appellate] Rule 3"); *Justice*, 2019 NCBC LEXIS 37, at *6 (noting that although appellate courts may have the discretion to "excuse certain jurisdictional defects[,]" the Business Court found no precedent suggesting that trial courts possess the same discretionary authority); *see also Intersal, Inc. v. Hamilton*, 373 N.C. 89, 97, 834 S.E.2d 404, 411 (2019) (noting without disapproval the Business Court's dismissal of an appeal where the notice of appeal improperly named the North Carolina Court of Appeals rather than the Supreme Court of North Carolina).

## IV.

## CONCLUSION

30. **WHEREFORE**, for each of the reasons set forth above, the Court hereby

**GRANTS** Plaintiff's Motion and dismisses Bandenia's Notice of Appeal.

**SO ORDERED**, this the 30th day of July, 2020.

/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Chief Business Court Judge